### J. F. LANCASTER v. THE STATE.

No. 4752. Decided January 16, 1918.

**1.—Robbery—Other Offenses—Identification.**

Where, upon trial of robbery, the identification of defendant was not strong, and the State was permitted to introduce testimony of another robbery occurring some time thereafter on the same night, but no connection was shown between the two offenses, and the fact that the second robbery occurred did not serve to identify the parties who committed the first robbery, the same was inadmissible in evidence and reversible error. Following Hill v. State, 44 Texas Crim. Rep., 603, and other cases. Prendergast, Judge, dissenting.

**2.—Same—Argument of Counsel—Practice on Appeal.**

While it is not necessary in the instant case to decide the question of objectionable argument on part of the State's counsel, yet it is suggested that this character of argument is unwarranted, and which bantered the defendant's counsel before the jury to submit the case to the jury without argument. Prendergast, Judge, dissenting.

Appeal from the District Court of Milam. Tried below before the Hon. John Watson.

Appeal from a conviction of robbery; penalty, six years imprisonment in the penitentiary.

The opinion states the case.

*J. H. Evetts* and *Chambers & Wallace,* for appellant.—On question of other offenses: Wyatt v. State, 55 Texas Crim. Rep., 73, 114 S. W. Rep., 812; Lightfoot v. State, 106 S. W. Rep., 345; Holland v. State, 55 Texas Crim. Rep., 27, 115 S. W. Rep., 48; Williams v. State, 38 Texas Crim. Rep., 128, 41 S. W. Rep., 645; Glenn v. State, 76 S. W. Rep., 757, and cases stated in opinion. Also Bateman v. State, 193 S. W. Rep., 666.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of other offenses: Wyatt v. State, 55 Texas Crim. Rep., 73; Wright v. State, 56 id., 353.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of robbery, his punishment being assessed at six years confinement in the penitentiary.

The State's case, in brief, is that appellant and another party, in the town of Cameron, Milam County, committed robbery upon the person

of Dave Watson  It was at night near the Santa Fe depot.  The two parties who the witnesses testify committed the robbery upon them were identified by such facts and circumstances and descriptions as the two parties could give, they all being strangers to each other.  From one of the parties was taken some money and a pocketknife described in a particular way.  Later on and during the same night the appellant and his companion were arrested, and on the person of appellant was found a knife which was identified by one of the parties who claimed to have been robbed near the Santa Fe depot.  It is unnecessary to go into a detailed statement of these two witnesses.  They gave as accurate a description as perhaps they could have done under the circumstances of the two parties they claimed to have held them up.  Later during the same evening between the time of the alleged robbery at the Santa Fe depot and their arrest two other parties were introduced as witnesses claiming also to have been held up by two men and robbed.  This was something like a half hour after the first alleged robbery.  This evidence was introduced over the objection of appellant as being an independent offense and in no way connected with the first alleged robbery.  Various objections were urged and overruled, and after the testimony had been introduced appellant again urged by a written charge that the testimony be withdrawn from the jury.  It is unnecessary to take up these different grounds of objection and reasons assigned.  The court seems to have admitted it upon the theory of identity.  We are of opinion that the evidence was not admissible upon such theory under the facts of the case.  The two robberies were in no way connected with each other, and the fact the second robbery occurred did not serve to identify these parties as the parties who committed the first robbery.  There was no fact or circumstance which undertook to connect the two transactions, except the fact that they occurred on the same night, and that there was evidence showing some similarity in the appearance of the two robbers in both cases.  This did not serve to identify appellant as being the robber in the first instance.  This matter has been the subject of quite a number of decisions, and it is not the purpose here to review the authorities or discuss the matter at length.  See Hill v. State, 44 Texas Crim. Rep., 603; Herndon v. State, 50 Texas Crim. Rep., 552; Barnett v. State, 50 Texas Crim. Rep., 538; Saldiver v. State, 55 Texas Crim. Rep., 177.

There is a bill of exceptions reserved to some remarks of the prosecuting officer.  Without discussing the matter, we believe this will not occur upon another trial.  There was no necessity for these statements.  They were, in substance, that the district attorney did not see any use in arguing cases on such facts to the jury, and that there had been some conversation between himself and counsel for appellant looking to the submission of the case without argument, and he now challenged defendant's counsel to submit the case to the jury without argument.  Such matters should not occur.  The Constitution and law guarantees

the defendant may be heard by himself or counsel, or both. This right is guaranteed him unimpaired by any criticisms or remarks of the character indulged. He may exercise the right to argue or not to argue. With this the State has no concern. It is a matter purely within the discretion of appellant and his counsel, or both. This may have had some effect upon the jury, and was not warranted. We trust this character of argument will not be again indulged.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, JUDGE (dissenting).—The witnesses herein who were robbed could but meagerly identify appellant and his companion. They, however, took a knife from one of them. The other party whom they robbed just a very short time afterwards could and did positively identify them. Just after the second robbery they were arrested and this knife found on them. Therefore, clearly, the second robbery was admissible to identify them. The case should be affirmed. I dissent.