**John Robert NEWMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45113.**

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

Terry P. Ayre, of Brown & Teed, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Robert C. Bennett, Jr., Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

Appellant was tried before a jury and convicted of rape, and his punishment was assessed at confinement for life.

Appellant alleges eleven errors upon which he relies for a reversal of this case. We will consider first his fifth ground of

error, in which he contends that the trial court erred when it permitted, over appellant's objection, testimony relating to an extraneous offense. The relevant evidence is as follows:

On the night of July 9, 1968, Margaret Zurek was forced at gunpoint out of a Houston washateria, at the intersection of Rittenhouse and Bauman, at approximately 10:45 to 11:00 p. m. She was forced to accompany her assailant in a Chevrolet convertible to a vacant field several blocks away, where the attacker raped her twice and forced her to commit oral sodomy on him three times. After reporting her attack first to her husband and then to the police authorities, a description of the assailant was provided, as well as a description of a Chevrolet convertible similar to that described by Margaret Zurek outside the Embers Lounge, 7700 Jensen Drive in Houston. The police officers entered the lounge, inquired as to the owner of the car, appellant responded, and was arrested for the rape of Margaret Zurek. Margaret Zurek made an unequivocal in-court identification of appellant as the assailant.

Appellant's defense was that, on the night in question, he was in the Embers Lounge at the time the offense was committed, and he testified in his own behalf to that effect, as well as producing witnesses who corroborated his testimony. The State then called Cora Grigg, who testified that on May 23, 1969, in Galveston County, the appellant forced her through use of a knife, to relinquish her automobile to him. She testified that while driving through Bacliff, Galveston County, Texas, she noticed appellant's stopped car, with its hood up. She stopped and asked if she could help, and appellant asked if she would drive him to the highway, where he might be able to catch a ride. According to Miss Grigg, appellant got into her car, she turned onto the highway, and then told appellant he would have to get out at this point, since she had to go back to town. Cora Grigg then testified that appellant "grabbed me around the neck, and pulled a

knife out . . . ." and ordered her to keep driving. Nevertheless, she pulled the car over, got out, and managed to get away from appellant.

It is this testimony by Cora Grigg to which appellant objects, urging upon this Court that admission of this extraneous offense was harmful error.

As a general rule, the accused in a criminal case can be convicted, if at all, only by evidence that shows that he is guilty of the offense charged. Therefore, evidence that he has committed other crimes that are remote and wholly disconnected from the offense with which he is charged is ordinarily inadmissible. Blankenship v. State, 448 S.W.2d 476 (Tex.Cr. App.1969). Of course, there are exceptions to this rule. Evidence of extraneous offenses committed by the accused is often admitted in order to show a common scheme, or motive, or to show intent or identity, when either or both are in issue. Hafti v. State, 416 S.W.2d 824 (Tex.Cr. App.1967). Extraneous offenses are also allowed in order to refute a defensive theory, such as alibi, advanced by the accused. Griffin v. State, 455 S.W.2d 298 (Tex.Cr.App.1970); Bryant v. State, 471 S.W.2d 66 (Tex.Cr.App.1971), or in order to show flight. Woods v. State, 480 S.W. 2d 664 (Tex.Cr.App.1972).

In the present case, the testimony of Cora Grigg was offered on the issue of identity, and the trial judge instructed the jury that her testimony could be used only for that purpose.

Since 1918, in the case of Lancaster v. State, 82 Tex.Cr.R. 473, 200 S.W. 167 (1918), Texas courts have consistently held that before extraneous offenses may be properly admitted into evidence, there must be some common distinguishing characteristic, or a series of distinguishing characteristics between the offense charged and the extraneous offense. In the absence of such a rule, remote and completely unrelated offenses might be recited to the court in

order to show that defendant is simply a bad character, or a criminal generally. Obviously, such prejudicial tactics must not be permitted. Taylor v. State, 138 Tex. Cr.R. 161, 134 S.W.2d 277 (1939).

The State relies upon Griffin v. State, 455 S.W.2d 298 (Tex.Cr.App.1970), in urging that the extraneous offense was admissible on the issue of identity. However, the holding by this Court in Griffin was a reiteration of what we have held many times, and still recognize as a valid doctrine, that in order to refute the defense of alibi, testimony is admissible to show other offenses committed in the same vicinity a short while before or after the offense charged. (In Griffin, the offense charged, attempted robbery of a liquor store, occurred on October 30, 1968. The extraneous offense occurred in the same county only two days before, and also involved a robbery attempt of a liquor store.) See also, Owens v. State, 450 S.W.2d 324 (Tex.Cr.App.1970); Hawkins v. State, 450 S.W.2d 349 (Tex.Cr.App.1970); Schneider v. State, 392 S.W.2d 130 (Tex.Cr.App. 1965). Applying the Griffin test to the instant case, we find the State in error. Note the dissimilarities between the offense charged and the extraneous offense.

The offense charged was committed on July 9, 1968. The extraneous offense occurred some ten months later, on May 23, 1969. The most obvious distinction between the two offenses is the very offense in question; that is, one involved rape, a sex offense, and the other was a type of theft offense. Therefore, the State's argument that the extraneous offense was admissible in order to prove up identity, motive, scheme, or design, fails, since any common characteristics between the two offenses are virtually non-existent, except for the fact that both victims happened to be female, which hardly qualifies as a particularly distinguishing characteristic. Also, the evidence was certainly not admissible in order to refute appellant's alibi since the two offenses took place over eleven months apart, nor were there circumstances to indicate flight by appellant.

On the basis of the above-cited decisions, and our recent holding in Ford v. State, 484 S.W.2d 727 (Tex.Cr.App.1972) we find that the admission of this extraneous offense into evidence was error, and that in spite of the instruction limiting its use, it was harmful error. *See,* Boyd v. U. S., 142 U.S. 450, 12 S.Ct. 292, 35 L.Ed. 1077 (1892). As stated in Boyd, at page 458, 12 S.Ct. 292, proof of the extraneous offense only tended to prejudice the defendant with the jurors and to draw their minds away from the real issue. In the light of this error, we need not address ourselves to appellant's other grounds of error.

The judgment of the trial court is reversed and the cause remanded.