**Joseph Bennett ROBERTS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46190.**

Court of Criminal Appeals of Texas.

June 13, 1973.

Howard O. Lake, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and William Burge, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The conviction is for the offense of robbery by assault; punishment was enhanced according to Article 63, Vernon's Ann.P.C., and appellant received a life sentence.

Two grounds are raised on appeal; the sufficiency of the evidence is not challenged.

Appellant first contends that ,reversible error occurred when the State was allowed to introduce testimony relating to two extraneous offenses. The record reflects that when the State first sought to admit this evidence, appellant's objection was sustained. Subsequently, the defense raised the issue of alibi, by the testimony of four different witnesses. The court then allowed the extraneous offenses to be shown, for the purpose of identity only. We conclude that the court's ruling was entirely correct.

The instant case was a robbery at a pharmacy in Houston on January 3, 1971; two men entered the establishment and, at gunpoint, a store employee was forced to surrender cash and narcotic drugs.

The extraneous offenses were as follows: on December 13, 1970, appellant and another man, carrying a gun, committed a robbery at a pharmacy taking narcotics in Houston. On September 30, 1970, Appellant and another man, each yielding a gun, committed a robbery at a pharmacy in Houston taking cash and drugs.

This Court recently dealt with the problem of extraneous offenses in the case of Ford v. State, 484 S.W.2d 727 (Tex. Crim.App.1972). There we concluded that there was insufficient evidence of any distinguishing characteristics to justify the introduction of an extraneous offense. Such is not true of the present cause. The similarities are clearly numerous enough to mark all the offenses as having been committed by the same person. Appellant's first ground is overruled. See also Newman v. State, 485 S.W.2d 576 (Tex.Crim. App.1972).

Appellant further contends that proffered testimony of two witnesses should have been allowed into evidence. He would have shown that, outside the courtroom, a Mr. Yee, the victim of one of the two extraneous robberies, approached appellant's father and inquired what case he was on. Appellant's father answered, "the Roberts case," and Yee then allegedly stated, "It looks like this robber has robbed everybody in town."

Appellant's argument was that such testimony should have been admitted to impeach Yee's credibility;[1] that is, in light of the fact that Yee, when testifying, gave a negative response to the following question:

"Q   Now, let me ask you this. Have you spoken to anyone regarding your

---

1.  No claim was made that exploration into this statement should have been allowed in order to show Yee's bias or prejudice toward appellant. See Wood v. State, 486 S.W.2d 359 (Tex.Crim.App. 1972).

testimony or what your testimony would be here today, anyone either in the Police Department or any other Police Agency, or on the District Attorney's staff?"

We cannot agree with appellant that such proffered testimony would have impeached Yee. Even assuming that the statement was made, it would be stretching the point to say that it constituted a discussion of what his testimony would be. No error is shown.

The judgment is affirmed.