Edward Tyree SIRLS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 48403, 48404.

Court of Criminal Appeals of Texas.

June 19, 1974.

Rehearing Denied July 17, 1974.

E. Brice Cunningham, William Jacobs, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty. & Ronald D. Hinds, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The convictions are for robbery by assault; the punishment, twenty years in each case. Although there is no order in the record consolidating these two cases for trial, they were tried together without objection before the same jury. See Fairley v. State, 493 S.W.2d 179 (Tex.Cr.App. 1973); Watson v. State, 488 S.W.2d 816 (Tex.Cr.App.1972).

The appellant says the evidence is insufficient to support the convictions. The evidence shows that on December 2, 1971, two men entered the "Psssst" clothing store, looked around and left. Shortly thereafter they re-entered the store displaying a pistol. One of them demanded that Tim Turner, owner of the store, give them his wallet. The man took money and some football tickets from the wallet. The robbers also removed the cash from the store's cash register and from an employee's purse, and took Turner's watch. Then they put Turner and two female employees in a rear dressing room. When the three victims realized the robbers were gone, they left the dressing room and found that Turner's gun had been taken. All three victims positively identified the appellant in court as one of the robbers.

There was further evidence that on December 6, 1971, two men entered the Maple-Denton Pharmacy and took around four hundred dollars from the cash register while holding I. B. Duvall, the owner, and his wife and son at gun-point. All three victims of this robbery also made positive, in-court identification of appellant as one of the robbers.

All six eyewitnesses mentioned a scar they had noticed on appellant's forehead during the robbery. Appellant's own witness testified that stitches had been removed from a laceration on appellant's forehead on December 1, 1971.

We find the evidence sufficient to support the judgments.

The appellant asserts the trial court erroneously refused to admit into evidence the testimony of one Charles E. Rylander, who had previously been convicted as one of the two robbers in both robberies. Rylander testified out of the presence of the jury that he had not committed the robberies, had not been with appellant on the dates in question and did not know where the appellant had been on those dates. He also stated he had been convicted for each of the robberies, and each case was on appeal. The State stipulated in writing that each of the six persons who identified the appellant would also identify Rylander as one of the robbers. The Court sustained the State's objection that the testimony was irrelevant and immaterial, and did not permit it to be given before the jury.

The Court erred in excluding the testimony. If the witness Rylander was one of the robbers, then his testimony that appellant was not with him on the two dates was relevant as testimony showing that appellant was not at the scene of the robberies. See and compare Harrison v. State, 495 S.W.2d 930 (Tex.Cr.App.1973); Franco v. State, 491 S.W.2d 890 (Tex.Cr. App.1973).

However, even an error of constitutional dimension such as this one[1] may not require reversal if found harmless beyond a reasonable doubt. See Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L. Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The evidence here was overwhelming.[2] There were six eyewitnesses, three in each robbery, all of whom identified appellant positively in court. Each mentioned a scar on appellant's forehead. None of this eyewitness testimony was significantly shaken throughout the trial.

Further, as noted above, Rylander testified he did not commit the crimes, was not with appellant on the pertinent dates, and did not know where appellant was on those dates. If this testimony had been admitted and the jury believed *all* of it, then Rylander's statements would be irrelevant and immaterial, since they would fail to indicate appellant did not commit the offenses.

The testimony would be relevant *only* if the jury disbelieved Rylander's testimony that he did not commit the robberies, but at the same time believed Rylander's testimony that appellant was not with him on those dates. Such a possibility is extremely remote, particularly in view of the other

evidence against appellant. In light of these circumstances, we find any error in excluding Rylander's testimony harmless beyond a reasonable doubt. See Harrington v. California, supra; Chapman v. California, supra; Bridger v. State, 503 S.W. 2d 801 (Tex.Cr.App.1974); Harrison v. State, supra.

■ The appellant claims there is a fatal variance between the amount of money alleged to have been taken from Turner, owner of the "Psssst" clothing store, and the amount shown to have been taken. The indictment in Cause No. 48,404 alleges the appellant took from the person of Tim Turner the sum of eight hundred dollars in cash. Turner testified he was not sure how much, if any, cash was taken from his wallet. However, he was certain cash was taken from the cash register, and said the total amount taken from the wallet and cash register was approximately eight hundred dollars, although it might have been less.

■ There was no fatal variance between the allegations and the proof. In a robbery prosecution it is not necessary to prove that all the property alleged was taken. Proof that any part thereof was taken is sufficient. Smallwood v. State, 464 S. W.2d 846 (Tex.Cr.App.1971); Hoover v. State, 390 S.W.2d 758 (Tex.Cr.App.1965); Jones v. State, 171 Tex.Cr.R. 608, 352 S. W.2d 270 (1961); Howell v. State, 154 Tex.Cr.R. 8, 224 S.W.2d 228 (1949).

We overrule this ground of error.

■ The third ground of error complains of the State's closing argument at the punishment stage of the trial in referring to the appellant as a "con man." The

1. See Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967).

2. In Harrington v. California, supra, Mr. Justice Douglas authoring the majority opinion reiterated the admonishment of Chapman v. California, supra, against giving too much emphasis to overwhelming evidence of guilt when considering whether constitutional er-

rors are harmless. An additional teaching of Harrington v. California, supra, is that an appellate court before affirming the conviction must be convinced by its own reading of the record that the impact of the tainted evidence upon the minds of average jurors would be harmless beyond a reasonable doubt. This determination is made in light of all of the admissible evidence.

appellant submits there was no evidence in the record that appellant was engaging in any type of "con game" or that he had ever defrauded anyone of their property. The prosecutor argued:

"And I tell you it's a reasonable deduction that this man is a con man, that he was up here trying to con——"

The argument was interrupted at this point by defense counsel's objection that there was no evidence in the record that appellant was a "con man." The appellant, although represented by two attorneys, already had personally argued his case before the jury at both stages of the trial. It is apparent that the prosecutor's argument was not that appellant had defrauded someone of their property but that the appellant who had argued he was not guilty of this offense was trying to deceive the jury in this regard by his argument. We perceive no error.

In his fourth ground the appellant urges " . . . that the trial court erred in permitting the argument as to why Action Line did not appear or an employee of Action Line did not appear in the absence of any evidence justifying the same." At the time of trial counsel did not object on the ground that the prosecutor's argument was not based on the evidence and was outside the record but rather he objected stating that the appellant did not have to produce any evidence or to subpoena any witnesses. Along with this objection counsel further stated that he had, however, subpoenaed the named employer. The objection made at the time of the trial did not preserve the error now asserted and therefore nothing is presented for review. See Sierra v. State, 482 S.W.2d 259 (Tex. Cr.App.1972); Joines v. State, 482 S.W.2d 205 (Tex.Cr.App.1972); Hendrix v. State, 474 S.W.2d 230 (Tex.Cr.App.1971); Hinkle v. State, 442 S.W.2d 728 (Tex.Cr.App. 1969); Van Bibber v. State, 371 S.W.2d 880 (Tex.Cr.App.1963).

The judgments are affirmed.

Opinion approved by the Court.