Larry Eugene **WALLS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 52258.

Court of Criminal Appeals of Texas.

March 16, 1977.

Richard A. Mayhan, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Alvin M. Titus, Ned B. Morris, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

REYNOLDS, Commissioner.

Appellant was convicted of the offense of robbery by firearms. His punishment was assessed by the jury at confinement for twenty-five years.

The prosecution was for the 27 November 1973 robbery of Loretta L. Budro, the manager of a 7–11 store in Houston, from whom $820 was taken at gunpoint while she was in fear of her life or bodily injury. With sufficient time and ample opportunity for observation at the scene, she positively identified appellant as the robber who was armed with a pistol.

Four days later on 1 December 1973, Houston police, acting on a report by John R. Sharp, Jr., that appellant had robbed him with a pistol and then entered a designated house in Houston, apprehended appellant, who was armed with a loaded pistol, as he emerged from the house.

Appellant did not testify and he offered no witness in his behalf.

■ Initially, appellant contends that the court erred in overruling his motion to suppress evidence of the complainant's lineup identification because the testimony indicated the lineup was suggestive. Neither of these matters was preserved for review. The record fails to show that the motion to suppress was presented to, acted on or denied by the court as a necessary predicate for the contention, *Weir v. State,* 503 S.W.2d 571 (Tex.Cr.App.1974), or that any objection was made to the question or answer now asserted to be indicative of undue suggestion, which is required for preserva-

tion of error. *Hunter v. State,* 530 S.W.2d 573 (Tex.Cr.App.1975).

Next, appellant complains that over his objection the trial court erroneously admitted testimony of an extraneous offense. During the presentation of the State's case in chief, a police officer testified that, in response to a call, he met certain complainants, one of whom was John R. Sharp, who stated that a person had robbed them at their apartment. Appellant objected "to any testimony of this nature" and moved for a mistrial, stating, "This has nothing to do with the case in question." The objection and motion were overruled and, upon his request to be heard, appellant's counsel was informed by the court that he could take his bill later.

The officer's continuing testimony was that after talking with the complainants and receiving a description of the suspect, he and his partner went to a house at a certain location where they were met by another officer. As the officer started to testify about someone inside, an objection and motion for mistrial were offered. The court overruled the objection and said, "I will let him testify subject to making it material at a later time."

Thereupon, the officer testified that when police officers knocked on the front door and identified themselves as police, the appellant ran out the back door and was apprehended by the testifying officer. A search of appellant's person revealed a loaded pistol in his back pocket.

Thereafter, John R. Sharp, J., was called by the State and gave testimony concerning his robbery by appellant without objection. Upon cross-examination, Sharp acknowledged that he knew nothing about the robbery of Miss Budro. At this point appellant began an objection based on immateriality and the court, interposing the comment that the testimony was let in without objection, advised the jury that he would charge them "that you will not consider any extraneous offenses in connection with the case at hand except as relates (sic) to the arrest in this case." Counsel replied that he thought he was making a running objection

to any extraneous offense whenever he objected to the first one, and the court responded that he did not understand it that way.

The State rested and appellant, making his bill, moved for a mistrial on the ground the State had failed to lay a predicate for the admission of any extraneous offense. Overruling the motion, the court stated that the testimony was admitted over appellant's objection to show arrest. In the only reference in the court's charge to an extraneous offense, the court instructed the jury that

"You are instructed that certain evidence was admitted in evidence before you in regard to the defendant's having committed an offense other than the one for which he is now on trial. You are instructed that such evidence cannot be considered by you against the defendant as any evidence of guilt in this case."

The State does not contend that the evidence of the extraneous offense became material to its case; that is, the State does not suggest any circumstance which would justify the admission of the evidence of the collateral crime. Rather, the thrust of the State's response to appellant's complaint is that the objections made were not specific enough and that appellant's brief is not in compliance with Article 40.09, V.A.C.C.P.

The objections, and particularly the first, were not as specific as they should have been, and the presentation of the ground of error bears too little resemblance to the requirements of Article 40.09, V.A.C. C.P.; nevertheless, we think that from the beginning the objections were sufficient to apprise the court that appellant was objecting to the admission of the evidence of an extraneous offense whose materiality was not established, and that the brief is adequate to present the error alleged.

Although the court said the evidence of the extraneous offense was admitted over appellant's objection to show arrest, the jury was not charged to that effect; indeed, they were merely instructed not to consider it as any evidence of guilt in this case. There are, of course, many and var-

ied circumstances which justify the admission of evidence of an extraneous offense; but, because the accused is entitled to be tried on the accusation made in the State's pleading and not on some collateral crime, evidence of an extraneous offense is not admissible unless there is shown a relationship between it and the evidence necessary to prove the accused committed the crime with which he is charged. See, e. g., *Albrecht v. State,* 486 S.W.2d 97 (Tex.Cr.App. 1972); *Ford v. State,* 484 S.W.2d 727 (Tex. Cr.App.1972); *Rogers v. State,* 484 S.W.2d 708 (Tex.Cr.App.1972); *Jones v. State,* 481 S.W.2d 900 (Tex.Cr.App.1972).

▇ Here, however, the State does not suggest a relationship, and we find no sufficient relationship between the robbery of Sharp and the proof necessary to establish that appellant robbed Miss Budro. Even though we accept the similarities that both robberies were committed by appellant with a pistol, the robbery of Sharp has no legal relevance to the issue of whether appellant committed the robbery of Miss Budro. Miss Budro positively identified appellant as the one who robbed her and her testimony remained unimpeached. Appellant offered no evidence; he did not affirmatively contest any element of the crime to which evidence of his robbery of Sharp would be either relevant or necessary to prove an element of the offense charged against him. Moreover, the arrest could easily be shown sans evidence of the extraneous robbery which was not admissible as a circumstance of flight showing guilt because appellant's arrest in the same city four days after the indicted offense does not indicate flight. *Rogers v. State, supra.*

Under these circumstances, the admission of the evidence of the extraneous offense was harmful error.

Two other grounds assign error to the prosecutor's jury arguments concerning the extraneous offense. In the light of the erroneous admission of the evidence of the extraneous offense, an abbreviated discussion will suffice.

▇ When, in the course of his opening argument at the guilt-innocence stage, the prosecutor asked the jury to consider and keep in mind the extraneous offense, the court responded to appellant's objections by instructing the jury not to consider the prosecutor's remarks and to follow the court's charge. Motions for mistrial were denied. As previously noted, the court's charge, while instructing the jury that the extraneous offense could not be considered as evidence of guilt in the case on trial, did not inform the jury what consideration they could give to the evidence. Otherwise unrestrained, the jury was left free to consider, as the prosecutor attempted to argue on two occasions, that appellant was a criminal generally. It has been the consistent holding of this Court that the accused should be tried on the indicted offense and not for being a criminal generally. *Albrecht v. State, supra* at 100.

At the punishment stage, the argument that appellant was not entitled to a break because "he is out there pointing his pistol at Miss Budro and robbing those other young men out there . . ." was an invitation for the jury to consider the extraneous offense in assessing punishment. Appellant's objection was overruled. It also is consistently held that an accused should not be assessed punishment for being a criminal generally. *Klueppel v. State,* 505 S.W.2d 572 (Tex.Cr.App.1974). Here, the jury assessed appellant's punishment at ten years in excess of the minimum prescribed for the offense for which he was convicted, and we cannot say that the permitted argument was harmless.

We do not discuss the remaining three grounds. One of them is a mere statement and the other two concern matters which should not recur during further proceedings.

For the reasons stated, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.