**Earl Van BUCKNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53676.**

Court of Criminal Appeals of Texas.

Dec. 14, 1977.

On Appellant's Motion for Rehearing Oct. 4, 1978.

Randolph L. Schaffer Jr., Houston, Court appointed on appeal only, for appellant.

Carol S. Vance, Dist. Atty., Robert A. Shults and Robert N. Burdette, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted by a jury of two counts of aggravated robbery. Punishment, enhanced under V.T.C.A., Penal Code Sec. 12.42(c), was assessed by the court at 35 years.

In his only ground of error appellant contends the trial court improperly admitted evidence of an extraneous aggravated robbery committed eleven days before the offenses charged in the indictment. It is conceded that identity was in issue, but appellant argues the extraneous offense lacked sufficient distinguishing characteristics in common with the primary offenses to render it admissible on identity. The record, however, reflects no objection on this ground. The only objection was that the evidence offered by the state showed an extraneous offense. The record reflects the following objection:

"[Defense counsel]: We feel that this testimony is not admissible for the reason that it shows an extraneous offense. However, in all candor I feel since the question of identity has come up—that would be the basis of our objection, if it does show an extraneous offense other than for which he's being tried, Your Honor.

"THE COURT: All right. The objection will be overruled, . . ."

The contention on appeal is at variance with the trial objection, and presents nothing for review. E. g. *Sirls v. State*, Tex.Cr. App., 511 S.W.2d 55. Further, if the objection were proper the extraneous offense was admissible under *Ransom v. State*, Tex. Cr.App., 503 S.W.2d 810.

■ An examination of the record reveals that only one judgment and one sentence were entered. These instruments, however, recite that appellant was found guilty of "Aggravated Robbery as charged in both counts of the indictment." Although separate instruments for each count is the better practice, the instruments here are sufficient. *Durham v. State*, 557 S.W.2d 526 (1977).

The judgments are affirmed.

ROBERTS, Judge, dissenting.

The majority holds that the objection at trial was not proper and that, even if the objection was proper, the extraneous offense was admissible under *Ransom v. State*, 503 S.W.2d 810 (Tex.Cr.App.1974). I dissent.

### I.

The majority, by holding that the objection at trial does not comport with the objection raised on appeal, is in actuality holding that when an objection is based on a violation of a rule of evidence, the appellant must also orally argue that the exception(s) to the rule are inapplicable in order to preserve error.

In *Zillender v. State*, 557 S.W.2d 515 (Tex.Cr.App.1977), delivered November 9, 1977, this Court stated that:

"The generally acknowledged policies of requiring specific objections are twofold. First, a specific objection is required to inform the trial judge of the basis of the objection and afford him the opportunity to rule on it. Second, a specific objection is required to afford opposing counsel an opportunity to remove the objection or supply other testimony. McCormick, Handbook of the Law of Evidence, Sec. 52, pp. 113, 115 (2d ed. 1972); 4 Jones, The Law of Evidence, Sec. 28:2, p. 276 (6th ed. 1972). In accordance with these policies, a number of exceptions to the general rule that a party cannot complain on appeal to the overruling of a general objection or an imprecise specific objection have been created. 1 McCormick & Ray, Evidence, Sec. 25, p. 25 (2d ed. 1956). Thus, where the correct ground of exclusion was obvious to the judge and opposing counsel, no waiver results from a general or imprecise objection. McCormick & Ray, supra."

The general rule excludes extraneous offenses; the exceptions to the rule permit their introduction. *Albrecht v. State*, 486 S.W.2d 97, 101 (Tex.Cr.App.1972).

The error was called to the trial court's attention when appellant's counsel objected to the State's introduction of an extraneous offense. The specific rule of evidence violated was stated. It was the State's duty to urge the applicability of the exception, not the appellant's duty to urge its inapplicability.

In *Walls v. State*, 548 S.W.2d 38 (Tex.Cr.App.1977), the defendant objected "to any testimony of this nature" and moved for a mistrial, stating, "this has nothing to do with the case in question." We held that ". . . the objections were sufficient to apprise the court that appellant was objecting to the admission of the evidence of an extraneous offense whose materiality was not established . . . ." *Id.*, at 40.

In *Mallicote v. State*, 548 S.W.2d 42 (Tex.Cr.App.1977), the defendant objected as follows:

"Your Honor, we would object to the testimony of this witness. One, the State, I think, is trying to get this in under, you know, a prior type offense showing a course of conduct, which this does not meet the requirements of the law . . . ."

We held that this objection raised the issue of the admissibility of an extraneous offense.

The majority requires scrupulous specificity by a defense lawyer in order to preserve the rights of the criminally accused. However, the majority condones extreme laxity by a defense lawyer when a claim of ineffective assistance is raised. *Ewing v. State*, 549 S.W.2d 392 (Tex.Cr.App.1977). The majority's decision incorrectly magnifies the State's inherent advantage in criminal prosecutions. *Cf.* Goldstein, The State and the Accused: Balance of Advantage in Criminal Procedure, 69 Yale L.J. 1149 (1960). I would hold that the objection properly preserved the error.

## II.

Moreover, the majority incorrectly concludes that if the objection was proper, the extraneous offense was admissible.

The record reveals that at approximately 11:30 p. m., on December 31, 1974, two men entered a Denny's Restaurant on Gulf Freeway in Houston. The two men approached the cash register, and one man drew a chrome-plated pistol from the left side of his waistband. The other man pulled a sawed-off shotgun out of his pants.

The two men informed the thirty to forty customers that there was a holdup, and told everyone to put their purses and billfolds on their tables. The two men then proceeded to stuff money, rings and watches from the customers and the money from the cash register into their pockets. The two men then told everyone to lie down in the booths or on the floor until after they had left.

The appellant was described by the complainants, two victims of the robbery, as approximately 6' 1", slim and weighing 150 pounds. He had a small goatee and wore brown trousers, a brown jacket, and either a brown or black cap. Both complainants identified the appellant at a pretrial lineup as the robber with the chrome pistol. They also made an in-court identification of the appellant.

The appellant took the stand and denied any participation in the offense. He insisted that on the night of the offense he was at a New Year's Eve party at a relative's house.

The State then attempted to rebut the appellant's defensive theory by offering testimony concerning an extraneous robbery allegedly committed by the appellant at a Howard Johnson's Restaurant eleven days prior to the robbery at Denny's.[1] After a hearing outside the presence of the jury, the trial judge, over a timely objection, admitted the testimony of Charles Portier.

Mr. Portier testified that on December 20, 1974, at approximately 9:00 p. m., he was employed as a cook at a Howard Johnson's Restaurant at 6165 Gulf Freeway in Houston. He noticed the appellant talking to a girl at the cash register. When the manager approached the register, the appellant pulled a black handgun, and told them he wanted the money from the register. The girl placed the money in a paper sack and the appellant then took the girl and the manager to the manager's office. The appellant then left. He encountered Portier outside and said that everything was "cool" and put his gun away. Portier described the appellant as having a full beard, moustache, long sideburns, a lot of hair, and wearing a cap.

It is well established that evidence of unrelated offenses is not generally admissible. This limitation is imposed not because such evidence is without legal relevance to the general issue of whether the accused committed the act charged, but because such evidence is inherently prejudicial, tends to confuse the issues in the case, and forces the accused to defend himself against charges which he had not been notified would be brought against him. *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr.App.1972).

In the present case, the State contends that the evidence of the extraneous offense was offered to prove identity. The State asserts that although direct evidence of the appellant's identity was offered, the appellant's alibi raised the issue. *Cf. Cameron v. State*, 530 S.W.2d 841, 844 (Tex.Cr.App. 1975).

In *Cobb v. State*, 503 S.W.2d 249, 251 (Tex.Cr.App.1973), this Court stated that:

"The rule is that evidence of another crime is admissible to prove identity if identity is in issue and if there is some distinguishing characteristic common to both the extraneous offense and the offense for which the accused is on trial. See *Ford v. State*, 484 S.W.2d 727 (Tex.

---

1. The State contends that the extraneous offense was admissible on the issues of the appellant's identity and his alibi. The appellant's alibi concerned only the date of the commission of the present offense. His alleged participation in a crime eleven days earlier does not refute his alibi. The evidence, if relevant at all, was admissible only on the issue of identity. *Ford v. State*, 484 S.W.2d 727, 731 (Tex.Cr. App.1972).

Cr.App.1972); *Lancaster v. State*, 82 Tex. Cr.R. 473, 200 S.W. 167 (1918). We reiterate: (1) identity must be in issue; and (2) there must be distinguishing characteristics common to both the extraneous offense and the offense for which the accused is on trial."

Since the appellant concedes that his identity was in issue, the task is limited to ascertaining whether there are distinguishing characteristics common to both the extraneous offense and the robbery at Denny's Restaurant.

In *Ford v. State*, 484 S.W.2d 727, 729–730 (Tex.Cr.App.1972), this Court stated that:

"The common distinguishing characteristic may be the proximity in time and place of the extraneous offense to the offense for which the accused is being tried. Or, the common element may be the mode of commission of the crimes, or the mode of dress of the perpetrator, or any other element which marks both crimes as having been committed by the same person." (Footnote omitted).

In *Ransom v. State*, 503 S.W.2d 810 (Tex.Cr. App.1974), this Court noted that the exact "modus operandi" need not be repeated.[2]

In the present case, the robbery at Howard Johnson's Restaurant was eleven days prior to the robbery at Denny's Restaurant. Both robberies were at restaurants located on the Gulf Freeway in Houston. The two offenses were indeed proximate in time and place. See *Mitchell v. State*, 503 S.W.2d 562 (Tex.Cr.App.1974); *Roberts v. State*, 495 S.W.2d 894 (Tex.Cr.App.1973).

The method by which the extraneous and primary offenses were committed, however, are dissimilar. At Denny's, the *two* perpetrators approached the cash register and drew their weapons, a chrome pistol and a sawed-off shotgun. They gave explicit orders to all the customers to place their valuables on their tables. They collected the valuables and stuffed them in their pockets. When the two men left, they ordered everyone to lie down until after they were gone. At Howard Johnson's, the perpetrator initially talked with a girl at the cash register. When the manager approached, he pulled a black handgun. The perpetrator did not disturb the customers or inform them of the robbery and he had the girl put the money from the cash register into a paper sack. He then took the girl and the manager into the manager's office before he left. When he left, he ignored the customers, and upon seeing Mr. Portier, he put his gun away and said that everything was "cool."

Finally, the dress and appearance of the appellant during the primary offense and the dress and appearance of the perpetrator of the robbery at Howard Johnson's reveal both similarities and dissimilarities. The appellant was identified by victims of the robbery at Denny's as having a small goatee. He wore a cap, either brown or black, a brown jacket, brown pants and a shirt. The perpetrator of the robbery at Howard Johnson's had a full beard, moustache, long sideburns, and a lot of hair. He likewise wore a cap. Neither the color of the cap nor the remainder of his clothes were developed in the record.

The only distinguishing characteristic common to both the extraneous offense and the primary offense, other than the proximity in time and place, is that the appellant, while at Denny's, and the perpetrator of the robbery at Howard Johnson's each wore a cap. While this Court has stated that ". . . the presence or absence of similarity is not entirely determinative of the admissibility of the extraneous offense," *Halliburton v. State*, 528 S.W.2d 216, 219 (Tex.Cr.App.1975) (Opinion on Appellant's Motion for Rehearing),

the similarities are not sufficient to sanction the introduction of the extraneous offense. *Cameron v. State*, supra. *Cf. Collins v. State*, 548 S.W.2d 368 (Tex.Cr.App. 1976). After all, although "[a]ll evidence of a defendant's commission of collateral

---

**2.** My dissent in *Ransom v. State*, 503 S.W.2d 810, 814 (Tex.Cr.App.1974) is equally applicable to the present case.

crimes has some slight relevancy towards the likelihood of his committing an alleged crime, and especially so where the collateral crime is similar in nature to the one charged against the accused," *Mallicote v. State*, 548 S.W.2d 42 (Tex.Cr.App.1977), "[t]he test for determining admissibility of any type of evidence is whether the probative value of such evidence outweighs its inflammatory aspects, if any." *Albrecht v. State*, supra at 99.

I would hold that given the lack of common characteristics, the probative value of the extraneous offense was outweighed by its inflammatory nature. This cannot be characterized as harmless error, and the admission of the extraneous offense was reversible error. *Ford v. State*, supra.

For the foregoing reasons, I respectfully dissent from the disposition of this case by the majority.

PHILLIPS, Judge, dissenting.

The majority concludes the objection at trial does not comport with the objection asserted on appeal. I do not agree. To hold that the objection "this testimony is not admissible for the reason that it shows an extraneous offense" is at variance with the objection that, notwithstanding that identity was in issue, the extraneous offense lacked sufficient distinguishing characteristics, ignores the basic rule that:

"Evidence of another crime is admissible to prove identity, when identity is in issue, only if there is some distinguishing characteristic common to both the extraneous offense and the offense for which the accused is on trial. [Citations omitted]" *Ford v. State*, 484 S.W.2d 727, 729.

As stated in *Cobb v. State*, 503 S.W.2d 249, 251:

"The rule is that evidence of another crime is admissible to prove identity if identity is in issue *and* if there is some distinguishing characteristic common to both the extraneous offense and the offense for which the accused is on trial. See *Ford v. State*, 484 S.W.2d 727 (Tex. Cr.App.1972); *Lancaster v. State*, 82 Tex. Cr.R. 473, 200 S.W. 167 (1918). We reit-

erate: (1) identity must be in issue; *and* (2) there must be distinguishing characteristics common to both the extraneous offense and the offense for which the accused is on trial." (Emphasis added.)

Having conceded that identity was in issue, appellant nonetheless objected at trial to the admissibility of the extraneous offense. Although not artfully worded, the objection could only be interpreted to mean the second requirement for admissibility, that there were no distinguishing characteristics common to the extraneous offense and the alleged offense, had not been met. Apparently the trial judge understood the objection, and this Court should be able to also.

En Banc.

## ON APPELLANT'S MOTION
## FOR REHEARING

VOLLERS, Judge.

On original submission appellant's sole contention was that the trial court erred in admitting testimony concerning an extraneous offense. At the trial the appellant stated his objection as follows:

"[Defense counsel]: We feel that this testimony is not admissible for the reason that it shows an extraneous offense. However, in all candor I feel since the question of identity has come up—that would be the basis of our objection, if it does show an extraneous offense other than for which he's being tried, Your Honor.

THE COURT: All right. The objection will be overruled, . . ."

On original submission it was held that the contention on appeal varied with the trial objection. It was also held that even if the objection was sufficient to preserve the complaint on appeal, the extraneous offense was admissible as an exception to the general rule for the purpose of establishing identity. *Ransom v. State*, 503 S.W.2d 810 (Tex.Cr.App.1974).

■ After reexamination of the record we conclude that the objection which was

made by the appellant in the trial court was adequate to preserve this question on appeal. The record in the trial court reflects that a hearing was conducted by the court outside the presence of the jury to determine the admissibility of the testimony concerning the extraneous offense. This hearing occurred prior to appellant's objection because the prosecutor, apparently in anticipation of appellant's objection, requested permission to approach the bench and explain his intention to present the testimony of a witness concerning an extraneous offense. After the witness was examined outside the presence of the jury the court was preparing to call the jury in when defense counsel made the objection which is in issue. It appears that the objection was timely and that from an examination of the record it was apparent that the trial judge and the prosecutor were both well aware of the grounds upon which the objection was voiced. As this Court pointed out in *Zillender v. State*, 557 S.W.2d 515, 517 (Tex.Cr.App.1977):

> "The generally acknowledged policies of requiring specific objections are twofold. First, a specific objection is required to inform the trial judge of the basis of the objection and afford him the opportunity to rule on it. Second, a specific objection is required to afford opposing counsel an opportunity to remove the objection or supply other testimony."

It is apparent from this record that both of these qualifications were met and the objection was sufficient to preserve the matter for review on appeal.

In support of this ground of error the appellant also contends that there is a lack of sufficient distinguishing characteristics between the primary offense and the extraneous offense here offered to authorize the admission of this extraneous transaction.

This Court noted in *Ransom*, supra, at 812 that "evidence of an extraneous offense is admissible to prove identity, when identity is an issue, only if there is some distinguishing characteristic common to both the extraneous offense and the offense for which the accused is on trial."

It was also noted in *Ransom* that the common distinguishing characteristics may be the proximity in time and place *or* the common mode of the commission of the offenses. See *Ford v. State*, 484 S.W.2d 727 (Tex.Cr.App.1972).

In the case at bar the record reflects that a person identified as the appellant along with a companion entered a Denny's Restaurant located on Gulf Freeway in Harris County at approximately 11:40 p. m. on December 31, 1974. Appellant took a revolver from the left side of his belt or pants waistband and he and his companion, who had a sawed-off shotgun, took money from the cashier and all of the patrons. The patrons were directed to lie on the floor or in their booths. Appellant was described as having been dressed in brown and wearing a cap. One witness described appellant as having facial hair.

In the extraneous transaction a person positively identified as the appellant did on December 20, 1974, enter a restaurant of a Howard Johnson Motor Lodge on the Gulf Freeway in Harris County at approximately 9:30 p. m. The appellant used a pistol to rob the cashier and the pistol was placed, as he was leaving, by his right hand in the left side of his pants. He was also described as wearing a cap and having facial hair. The witness noticed that when appellant left the restaurant area and ran to the motor lodge the witness could see that there was a hold-up there because everybody was lying on the floor.

Although it was not observed that appellant had a companion in the course of the robbery involved in the extraneous transaction the evidence presented a ready inference that a companion was keeping the employees lying on the floor of the motor lodge as appellant committed the robbery in the restaurant. Therefore in addition to the existence of notable distinguishing characteristics in the method employed in each offense it appears that both offenses were committed in restaurants, located on the Gulf Freeway in Harris County, at night, but during business hours. The of-

fenses were committed only 11 days apart. The appellant was positively identified as one of the co-actors in each and was described as having facial hair, wearing a cap and brandishing a pistol in his right hand which he kept in the left side of his belt or pants waistband. The proximity in time and place as well as the common mode of commission of the offenses here are even more compelling than those addressed in *Ransom*, supra. The trial court satisfied itself that these attributes of similarity were sufficient to admit the testimony of the extraneous transaction. We agree that sufficient similarity was shown to meet the exception to the rule that extraneous transactions are inadmissible unless shown to be relevant on the issue of appellant's identity in the trial of the primary offense. Even appellant's objection shows that the issue of identity was raised in the trial of the primary offense.

No error was committed by the trial court in allowing the State to prove the extraneous transaction even though it showed an extraneous offense. Appellant's motion for rehearing is overruled.

ODOM, J., concurs in the result.

ROBERTS, and PHILLIPS, JJ., dissent for the reasons stated in the dissenting opinion on original submission.