Nathan Leonard COOK, Appellant,

v.

The STATE of Texas, State.

No. 2–81–077–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 24, 1982.

Earl E. Bates, Jr., Fort Worth, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

OPINION

JORDAN, Justice.

Appellant was charged with aggravated robbery and because of two former final robbery convictions was also indicted as an habitual criminal. He pled not guilty to the aggravated robbery indictment and not true to the recidivist allegations. The jury convicted appellant on the aggravated robbery count and found that both allegations of prior convictions of robbery were true. Appellant was sentenced to life imprisonment in the Texas Department of Corrections.

We affirm.

On the evening of March 24, 1979, at about 10:00 p. m., appellant and a male companion entered the convenience store where one Fiyaz Choudhary was working, asking for cigarettes and mints. Appellant then pulled a pistol on Choudhary and ordered him to lie on the floor, while the accomplice took money from the store's cash register and from some envelopes located either under the counter or on the floor of the convenience store. The two then forced Choudhary at gunpoint to accompany them in their car. Choudhary was forced to lie on the floor of the car while appellant and his accomplice drove to a heavily wooded area. There they relieved Choudhary of his money and watch and shot him twice in the back, leaving him for dead.

Choudhary, to the regret and chagrin of appellant and his companion, found his way to a nearby house and was removed to a hospital where he underwent surgery, including the removal of his right kidney. According to the surgeon who operated on him, Choudhary suffered gunshot wounds to the right back resulting in injuries to the right lung, two holes in the diaphragm, a hole in the liver and a hole in the right kidney. He was hospitalized for 19 days.

The vehicle used in the robbery and kidnapping was discovered on the parking lot of the Swiftway convenience store on Camp Bowie Boulevard in Fort Worth later in the evening of March 24, 1979 as a result of an investigation of another aggravated robbery committed by appellant and the same companion, Billy Joe Cofer. This other robbery will be discussed in greater detail under grounds of error nos. 5 and 6. In the car at the time it was found were two envelopes and several rolls of coins identified by Choudhary at the trial as items taken from him during the robbery of his store.

There are six grounds of error urged in appellant's brief.

■ The first ground of error alleges error on the part of the trial court in granting the State's motion to shuffle the jury panel during voir dire. Under this ground, appellant says that the shuffling of the jury panel was permitted subsequent to the beginning of the voir dire examination. This allegation is not correct. At the beginning of the voir dire, before any questions were asked of the panel either by counsel or by the court, the court, after hearing evidence on appellant's motion to deny the State's requested shuffle, granted the motion to shuffle and did cause the panel to be shuffled. This was done after preliminary remarks were delivered by the trial judge to the jury panel, and after he had excused eight different members of the jury panel from service in that case, without objection of appellant. The excuses granted by the court were all necessary and legitimate. After this was done ten more panel members were called and the cards were then shuffled.

■ There was no error in the trial court's allowing the jury shuffle. The shuffle of the jury panel is an absolute right under V.A.C.C.P., article 35.11. It has been held that the demand is timely if made before the voir dire examination begins. *Alexander v. State*, 523 S.W.2d 720, (Tex. Cr.App.1975); *Griffin v. State*, 481 S.W.2d 838 (Tex.Cr.App.1972); *Roberson v. State*, 582 S.W.2d 422 (Tex.Cr.App.1979).

■ In his second and third grounds of error appellant complains of the trial court permitting Fiyaz Choudhary, the victim of this aggravated robbery and shooting, to

display his wounds and surgical scars to the jury. Although at trial appellant made only a broad, general objection to display of the scars, in his brief he argues that the display of the scars was prejudicial and inflammatory. His objection at trial was insufficient to present error. However, regardless of that, there is no error shown in the court allowing Choudhary to exhibit his scars. The wounds from the shots were certainly relevant to show serious bodily injury and the fact that the victim had been placed in fear of imminent bodily injury or death. *Lydia v. State*, 486 S.W.2d 791 (Tex. Cr.App.1972); *Salazar v. State*, 397 S.W.2d 220 (Tex.Cr.App.1965).

Also, because the record contains no descriptive narrative or visual exhibit of what the jury saw when Fiyaz Choudhary exhibited his knife and surgical scars in their presence, we cannot rule on the inflammatory or prejudicial nature of the evidence. The record neither supports nor refutes the contention that the exhibition was so shocking or gruesome that its prejudicial effect outweighs its probative value. No error is shown and these grounds of error are overruled.

■ Appellant next, in his fourth ground of error, says that reversible error occurred when the prosecutor asked a witness if appellant's accomplice had implicated anyone else in his judicial confession. The clerk of the court testified that Billy Joe Cofer had been indicted for the aggravated robbery of Fiyaz Choudhary on March 24, 1979 and that he had pled guilty and been sentenced to 35 years confinement. All this was without objection. After the clerk testified that Cofer had admitted his guilt on the stand, the prosecutor asked, "Do you recall whether or not he implicated anyone else?" A defense objection was sustained, and the jury was instructed "not to consider the last question for any purpose in this case as any evidence or for any purpose in this case."

No error is shown. The question was not answered, and the appellant's name was in no way mentioned in this question. Even if the question had been answered in the affirmative, the testimony would have re-vealed nothing more than that Cofer had implicated someone but not necessarily the appellant. *Griffin v. State*, 486 S.W.2d 948 (Tex.Cr.App.1972). Moreover, the court's instruction to the jury not to consider the question for any purpose cured any error that may have been present in the asking of the question. *Carey v. State*, 537 S.W.2d 757 (Tex.Cr.App.1976).

In addition, the questions were asked by the State only after appellant, on direct examination, had shown by the clerk that Cofer had been indicted "for the very same offense" as appellant. The door was opened and the State had the right to go further into the facts. V.A.C.C.P., art. 38.-24; *Rodriguez v. State*, 597 S.W.2d 917, (Tex.Cr.App.1980) (p. 13, appellee's brief).

Appellant's fourth ground of error is overruled.

■ Appellant next alleges error, in ground of error no. 5, with respect to the in-court identification of appellant by the victim of the second aggravated robbery committed on the evening of March 24, 1979 by appellant and Billy Joe Cofer. The contention is that the in-court identification of appellant as the one who robbed him at gunpoint shortly after Fiyaz Choudhary was robbed and kidnapped was tainted by a lineup which was impermissibly suggestive. Jack Chandler, the second victim of the evening of March 24, on direct examination, positively identified appellant as the one who robbed him on the evening of March 24, 1979. He testified that his identification was based on his clear observation of appellant from about four to six feet away at the time of the robbery. This identification on direct was in no way tied to the lineup prior to trial. Then on cross-examination, appellant's counsel brought out the fact that at the lineup, consisting of five black men, all of them but one had facial hair. Appellant was the only clean-shaven one in the lineup.

In this respect, appellant also complains of the fact that a detective, before the lineup was conducted, told Chandler that he thought he had a man in jail who matched

Chandler's description of the man who robbed him.

Again, no error is shown here. Chandler's identification of appellant as the one who robbed him was an independent identification, not associated with any lineup, based on his own observation of appellant at the time of the robbery. The identification was of independent origin. See *Garcia v. State,* 563 S.W.2d 925 (Tex.Cr.App.1978).

Appellant's ground of error no. 5 is overruled.

 In his sixth ground of error appellant complains of the admission by the trial court into evidence proof of an unadjudicated extraneous offense alleged to have been committed by appellant. Appellant had placed his identity in issue at trial because he raised the defense of alibi. *Hines v. State,* 571 S.W.2d 322 (Tex.Cr.App.1978); *Ransom v. State,* 503 S.W.2d 810 (Tex.Cr. App.1974). Since identity of the appellant was an issue in the case, extraneous offenses were admissible to show identity if there are "some distinguishing characteristic common to both the extraneous offense and the offense for which the accused is on trial." *Buckner v. State,* 571 S.W.2d 519 (1978); *Cobb v. State,* 503 S.W.2d 249 (Tex. Cr.App.1973). The common distinguishing characteristic may be the proximity in time and place of the extraneous offense to the offense for which the accused is being tried, the mode of commission of the crimes, the mode of dress of the perpetrator, or any other element which marks both crimes as having been committed by the same person. *Ford v. State,* 484 S.W.2d 727 (Tex.Cr.App. 1972); *Buckner, supra.*

 The record in this case reveals several "distinguishing characteristics" between the extraneous offense, the second aggravated robbery involved here, and the primary one, the aggravated robbery of Fiyaz Choudhary. There is a proximity in time between the two offenses, the second one being committed within thirty to forty minutes of the first; there is a similarity in the dress of the gunman, and a similarity in the weapon used. Also, appellant was positively identified by the victims as a participant in both crimes. It was not error to admit evidence of the extraneous offense.

Appellant's sixth ground of error is overruled.

The judgment is affirmed.