**William MIMS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 86 131 CR.**

Court of Appeals of Texas,
Beaumont.

June 10, 1987.

Rehearing Denied June 24, 1987.

Douglas M. Barlow, Beaumont, for appellant.

Tom Maness, Criminal Dist. Atty. and R.W. Fisher, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

BROOKSHIRE, Justice.

Appellant was convicted, by a jury, of the offense of theft of service. The jury also found that defendant had been previously convicted of a felony and assessed punishment at twelve (12) years confinement in the Texas Department of Corrections. The trial court entered judgment and sentenced Appellant in conformity with the jury's verdict. Appellant has perfected this appeal from the judgment of the trial court.

By his first point of error Appellant urges that the evidence presented at trial was insufficient to support a finding of guilt. In March, 1985, Terry Olivier, an employee of National Car Rental, received a phone call from a person who represented himself to be Donald Dodge, a representative of Farmers Insurance Company. This person told Olivier that he was calling to authorize National Car Rental to rent a car to William Mims. This person also stated that Olivier should charge the rental to Farmers Insurance Company. Subsequently, in the latter part of March, 1985, Appellant went to the National Car Rental Office seeking to rent a car. Appellant testified he had spoken to Donald Dodge, his insurance agent, prior to going to National to rent a car. Appellant stated that Dodge had told him his insurance would not pay for the rental of a vehicle. Appellant testified that a friend accompanied him to National's office with the intention of charging the car rental on her Visa card.

Gary Hodge, an employee of National, testified he rented a car to Appellant in reliance on the call from a person purported to be Dodge. Hodge told Appellant that Dodge had called and authorized him to charge the car rental to Farmers Insurance Company. Hodge rented a Chevrolet Impala to Appellant at that time. After receiving another phone call from a person purporting to be Donald Dodge, National rented two other cars to Appellant, including a red Camaro rented on April 12, 1985. National billed Farmers Insurance Company for these rentals in early May, 1985. Soon thereafter the real Donald Dodge notified National that he had not authorized National to charge these car rentals to Farmers and that Farmers would not pay for them. Two witnesses from National testified that the voice of the person who originally called and authorized National to charge the car rentals to Farmers was not the voice of the real Donald Dodge.

Donald Dodge testified that he had written a car insurance policy with Farmers for Appellant on January 16, 1985. He also testified that the policy should have been cancelled by March 31, 1985, because Appellant had not paid his third month's premium which was due in February. He

stated that Farmers sent at least three notices of cancellation to the address Appellant had given Dodge when he applied for the insurance. Dodge was aware of these notices because he had received copies from Farmers. Actually, Dodge was not personally aware of whether the notices were ever sent to Appellant, whether Appellant had actually made his premium payments to Farmers home office, or whether Appellant ever received notice of cancellation of his policy. Dodge also testified that he never phoned National to authorize that company to charge any car rental to Farmers. He stated that Appellant's policy did not cover such rentals.

■ In deciding whether the evidence is sufficient to support a verdict of guilty, we must view the evidence in the light most favorable to the judgment of the trial court. *See Wilson v. State*, 654 S.W.2d 465 (Tex.Crim.App.1983, opinion on rehearing). The key question is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* In cases such as this one, in which circumstantial evidence is necessary to support the conviction, if the jury could reasonably infer that the accused was guilty from viewing all the evidence in the light most favorable to the prosecution and the State's evidence supports no other inference than the Appellant's guilt, the conviction must be affirmed. *See Christian v. State*, 686 S.W.2d 930 (Tex.Crim.App.1985).

■ The State admits that it had the burden of proving, beyond a reasonable doubt, that Appellant obtained the rental car service by deception. *See 2 TEXAS ANNOTATED PENAL STATUTES WITH FORMS* sec. 31.04, (Branch's 3d ed. 1974). The State argues that the jury could have reasonably inferred from the evidence that Appellant, or someone acting for him, made the calls to National, purporting to be Donald Dodge, because no one else had any motive to do so. Furthermore, the State argues that since Appellant appeared at National's office to rent a car after each call was made by the one representing himself as Dodge, the calls must have been made by Appellant.

There was no testimony from any person, receiving the calls from the "pseudo" Dodge, to the effect that the voice of the caller was that of the Appellant. There was no evidence as to where these calls originated. Furthermore, it is unclear exactly when the calls were made by the "pseudo-Dodge" and as to how long it was between those calls and Appellant's appearance at the office of National. Without proof that Appellant, or someone acting with him, made the calls there is no evidence to support a finding that Appellant obtained the car rental services by deceiving anyone, because the State's own evidence established that the first time Appellant attempted to rent a car, National Car Rental employees told him Dodge had called and told them to charge the rentals to Appellant's insurer. There was no proof of any other act of deception by Appellant, since there was no evidence that he knew his insurance was cancelled, if in fact it was. This court will not presume any acts were committed by the accused that are not shown to have been committed by him. *Hine v. State*, 622 S.W.2d 872 (Tex.Crim. App.1981). Therefore, we hold that the evidence was insufficient to support Appellant's conviction, and Appellant's first point of error is sustained.

Appellant's second point of error urges that the trial court committed reversible error in admitting the testimony of Peggy Silvia as to an extraneous offense. Silvia worked for the Hertz Car Rental Agency in April 1985. On April 5, 1985, she received a call from a person representing himself as Donald Dodge. This person authorized Silvia to charge a car rental to Farmers Insurance Company for a William Mims. Silvia was suspicious and checked with Farmers and ascertained that they would not pay for such rental for Mims. Silvia never met Appellant, and did not testify that the voice of the man who called her was that of Appellant.

■ Appellant argues that since the extraneous offense was not proved to have been committed by Appellant, the trial

court should have sustained his objection and excluded the testimony of Silvia. The State argues that defense counsel's objection at trial that the witness was being asked to testify to "extraneous" matters was too general to preserve error and at variance with the argument advanced by Appellant in this appeal. *See Buckner v. State,* 571 S.W.2d 519 (Tex.Crim.App.1978). Apparently, the State is relying on the original opinion in *Buckner.* On reading the Court of Criminal Appeals' opinion on the Appellant's "Motion for Rehearing" in that case, we discover that the objection urged by defense counsel was, finally, held to have been sufficient to preserve error. *Id.* at 525. We hold that Appellant's objection was sufficient in this case, because extraneous offenses are generally, inadmissible. *See id.* at 521 (original opinion, Roberts J. dissenting). As stated with regard to Appellant's first point of error, there was no evidence as to who placed the call to Silvia, therefore the testimony should not have been admitted. *Thompson v. State,* 615 S.W.2d 760 (Tex.Crim.App.1981).

We conclude the Appellant's Motion for Instructed Verdict of Acquittal should have been granted. This motion was made when the State rested. There simply was no proof of the required standard that Mims had practiced any deception. Mims was not connected to any alleged authorization from the insurance company. We also rule that the Appellant's Motion for Instructed Verdict at the close of all the evidence should have been granted.

The Appellant took the stand in his own behalf. His defense, in brief summary, was that he went to rent a car with a friend of his named Jackie Wilson who had a Visa card. His intent was to rent the car on the credit of his friend and on her Visa card. We deem that this constitutes a reasonable hypothesis of a lack of deception.

When Mims said he presented the Visa card and his own driver's license, the person in charge of the car rental office volunteered the information that the insurance agent had just recently called to authorize the rental charges which were to be paid in the future by the Farmers Insurance Company.

The State failed to cross-examine Mims on whether he should have realized, at this point in time, being in April, that his policy very probably, under his own testimony, had expired and been canceled. Mims testified that he had paid only the January and February premiums on his automobile insurance and that he had been told previously by his own agent that he had no car rental coverage. And, for whatever reason, the State failed to produce any admissible business records to the effect that a cancellation notice had been sent to Mims sometime in March. Appellant's second point of error is sustained.

The judgment of the trial court is reversed and the cause is remanded to the district court to be dismissed. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

REVERSED AND REMANDED, with instructions.