Powell Nunn and Frank Luster v. The State.

No. 704.   Decided October 19, 1910.

**1.—Theft—Evidence—Confessions—Property Found—Arrest.**

Where, upon trial of theft, the defendants' confessions were found to be true and led to the finding of the secreted stolen property, the same was admissible under article 790, Code Criminal Procedure, and it is not necessary to decide whether these confessions were made while defendants were under arrest.

**2.—Same—Evidence—Other Offense.**

Where, upon trial of theft, the defendants' confessions were found to be true and led to the finding of the secreted property, and the case was made out against them, it was reversible error to admit testimony of another theft alleged to have been committed by them on the same day, which was another distinct offense and no part of the res gestae, and proved neither system nor identity.

Appeal from the District Court of Scurry.   Tried below before the Honorable C. C. Higgins.

Appeal from a conviction of theft of property of the value of $50 or more; penalty, two years confinement in the State Reformatory.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, Judge.—This is an appeal from a conviction for theft of property of the value of $50 and over, the penalty assessed being two years in the reformatory. The indictment charged the appellants with the theft of certain property consisting of brass, oil cups, lubricators and other articles belonging to one Leroy Johnson. All of this property was situated at the gin of Johnson and was taken by someone and found in the possession of a man by the name of Westbrook at

Colorado, Texas. There was but little testimony outside of the pur-
ported confessions of the defendants.

No complaint is made of the charge of the court.

We find in the record two bills of exceptions. These bills of excep-
tion were reserved to the action of the court in permitting the wit-
nesses Boyd and Wolfe to testify as to statements made to them by
the defendants. The first bill of exceptions is to the testimony of
Boyd who states that he, being the county attorney had the city
marshal, Wolfe, to bring the defendants to his office and he there
questioned them about this stolen property. That he questioned them
separately and they denied, at first, knowing anything about it but
afterwards admitted that they got the stuff. That they went and
showed how they entered the gin to get the property and that they had
let Westbrook have it. The property was afterwards found in West-
brook's possession. The objection was made that these witnesses were
under arrest and that their testimony could not be used because they
had not been warned. The judge qualifying this bill of exception
states: "The defendants were neither arrested for more than one
day after they had made the statement complained about, and the
statements were made to the officers who were seeking a trial but who
knew nothing as to who had committed the offense and each of the
boys first denied and afterwards confessed, and went with the officers
and showed how the offense was committed and told where the stolen
goods were, and the officers found said statements and confessions to
be true by finding the stolen goods where the defendants had said
they were, to wit: in the possession of Westbrook, to whom they said
they sold the stolen goods." No objection to this testimony was made
because it was not in writing as provided by the Act of the Thirtieth
Legislature, but simply that the defendants were under arrest and not
warned. Article 790, Code of Criminal Procedure, provides that the
confession shall not be used if at the time it is made, the defendant
was in jail or other place of confinement, or while in the custody of
an officer, unless such confession be made voluntarily after having first
been cautioned that it may be used against him; or unless in connection
with such confession he makes a statement of the facts or of circum-
stances that are found to be true which conduce to establish his guilt,
such as the finding of secreted or stolen property or the instrument
with which he states the offense was committed. The bill of exceptions
discloses that the county attorney ordered the city marshal to bring
these parties before him. The county attorney says he did not suspect
these parties but his object in bringing them before him was to make
inquiry with regard to the matter. The proof shows that these boys
were about thirteen years of age. The boys stated they sold the
articles to Westbrook at Colorado, Texas, and the property was found
in his possession. We think this brings it within the rule of article
790, Code Criminal Procedure. We are, therefore, of opinion that

the court did not err in admitting this testimony, and it is not necessary to decide whether they were under arrest or not.

Bill of exceptions No. 2 is to the action of the court in permitting the State to prove that the defendants also stole certain property from the McCullough Hardware Company's warehouse, to wit: certain brass and that the boys told the officers how they went in and got the stuff and what disposition they made of it. The defendants objected to this on the ground that it was an attempt to prove another and distinct crime from that charged in the indictment and was not admissible either to prove intent, identity, res gestate, or system, and that it was highly prejudicial to the defendants to permit this to be introduced. The court qualifies this bill by stating that the record shows that the property from the McCullough Hardware Company was taken on the same day that the property for which the defendants are being tried was taken, and was taken by the same parties and sold to the same man. We are of opinion that this testimony was not admissible and the court was in error in permitting the State to offer proof of another and distinct offense. It should not be introduced to prove system because there was no peculiar way in which either offense was committed. It was no part of the res gestæ as the other offense was complete without reference to it and it had no connection with the the other offense. Nor was it admissible on the question of identity. We are, therefore, of opinion that the court erred in admitting this testimony and that the same was prejudicial to the defendants and for this reason the case is reversed and the same remanded.

*Reversed and remanded.*