BRYANT ROARK v. THE STATE.

No. 8638.    Delivered April 29, 1925.

Rehearing Granted October 14, 1925.

The original opinion in this cause, delivered on April 29, 1925, is conceded by the writer of same, to be an erroneous conception of the law, and same is in all things withdrawn, and will not be published.

ON REHEARING.

1.—Manufacturing Intoxicating Liquor—Evidence—Of Other Offenses—Erroneously Admitted.

Where testimony of numerous transactions, constituting other offenses is admitted, unless coming within those exceptions recognized, the cause must be reversed. The rule has been well stated as follows: "The defendant should be tried on the merits of each case and proof of extraneous crimes which do not go to show intent, identity or system, or which is not a part of the *res gestae*, are not admissible if they could only show that the defendant

101 Tex. Crim.—26.

was a criminal generally." See Branch's P. C., page 99 for full collation of authorities, sustaining this rule.

### 2.—Same—Accomplice—Charge On—Properly Refused.

Where the evidence in a case does not fairly raise the issue that a witness introduced is an accomplice, there is no error in the trial court failing to charge that such witness is an accomplice. Following Chandler v. State, 232 S. W. 337. Newton v. State, 238 S. W. 649.

### 3.—Same—Circumstantial Evidence—Charge on—Properly Refused.

Where there is evidence that the appellant was seen at the still actually engaged in the manufacture of whisky, at or about the time charged in the indictment, there was no error in the refusal of the trial court to charge the law of circumstantial evidence. See Sec. 1874, Branch's P. C. for authorities on this question.

Appeal from the District Court of Bosque county. Tried below before the Hon. Irwin T. Ward, Judge.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, three years in the State penitentiary.

The opinion states the case.

*E. T. Adams,* and *W. R. Parker,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

#### ON MOTION FOR REHEARING.

BERRY, Judge.—This case was affirmed at a former term of this court and is now before us on appellant's motion for rehearing. The original opinion was written by the writer and he feels constrained in candor to say that a mature consideration of appellant's motion for rehearing convinces him that he utterly misconceived the law on the controlling question in the case, towit, on the question of proof of extraneous crimes, and that the original opinion is therefore clearly wrong. This being true, the publication of the original opinion could serve no useful purpose and it is therefore withdrawn.

The appellant was convicted in the district court of Bosque county for the offense of manfacturing liquor and his punishment assessed at confinement in the penitentiary for a term of three years.

The State introduced testimony which is sufficient to show that the appellant was seen at a still manufacturing whiskey about the 1st of May, 1923. The statement of facts showed that only two witnesses testified in the case and each of these witnesses was called by the State. The appellant introduced no testimony.

After proving by the State witnesses that the appellant was seen manufacturing whiskey somewhere about the 1st of May, 1923, and while the State was presenting its case in chief, the court permitted

proof to be offered by the State that appellant was seen at various other times and places operating a still and manufacturing whiskey.

Appellant's bills of exception from one to six, inclusive, show that this testimony was objected to as being irrelevant and incompetent and an effort on the part of the State to prove other and different transactions than the one already proved. As above stated, no proof was offered by the appellant and the State's testimony if believed left no question as to the intent or identity of the defendant and no question of system and no suggestion that this testimony was a part of the res gestae of the offense for which he was being tried is suggested by this record. Under these conditions we are forced to hold that proof of other and extraneous crimes was not permissible in this case, and as more than the minimum punishment was assessed we cannot say that such error was harmless. The rule has been well stated as follows:

"The defendant should be tried on the merits of each case and proof of extraneous crimes which do not go to show intent, identity or system or which is not a part of the res gestae, is not admissible if it could only show that defendant was a criminal generally." Branch's P. C., p. 99 for full collation of authorities sustaining this rule.

We think this case is clearly governed by the above rule in view of the fact that no issue was made on the question of system, intent or identity and if the State's testimony was to be believed, a perfect case was made against the appellant without resorting to proof of extraneous crimes.

By bill of exceptions No. 10, appellant complains at the action of the court in refusing to charge that the witness Million is an accomplice. We have examined this witness' testimony very carefully and fail to find anything in either his testimony or any other testimony introduced in the record that even suggests that he is an accomplice. Chandler v. State, 232 S. W. 337; Newton v. State, 238 S. W. 649.

The State's testimony if true shows that the appellant was seen at the still actually manufacturing whiskey at or about the time charged in the indictment and we therefore hold that the court did not err in refusing to charge on circumstantial evidence in this case. See Sec. 1874, Branch's P. C., for authorities on this question.

Because of the court's error in admitting proof of extraneous crimes, it is our opinion the appellant's motion for rehearing should be granted, and that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.