**Gladys JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36715.**

Court of Criminal Appeals of Texas.

April 1, 1964.

No attorney of record on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The indictment alleged that the appellant took money from the person and possession of D. M. Hause without his knowledge and without his consent, and with the intent to deprive him of its value and to appropriate it to her use and benefit.

The indictment further alleged a prior conviction in the State of California for Grand Theft, and a conviction prior to the commission of that offense in the State of Oklahoma for Grand Larceny.

The prior convictions were proved as alleged.

The state relied upon circumstantial evidence to show appellant's guilt of theft of money from the person and possession of D. M. Hause.

Hause testified that on December 13, 1962, the appellant came to his auto parts place of business around 3 P.M., while he was working on a generator; she grabbed C. V. Wells, who later became a partner in the business, and propositioned him for sexual intercourse. She had her hands all over him. He pushed her away. She then said she had to urinate and was shown an outside rest room. On the way she fell, or claimed to have fallen, and Hause, thinking she was drunk, tried to get her up. She raised up her dress and grabbed him.

Before he could drag her out she turned around and rubbed "her rear end" on him. She then said she had to use the telephone. He did not see her again until she was arrested on March 6, 1963.

Some five minutes after the appellant left, Hause reached for his handkerchief and discovered that the $150 or more he had in his billfold was gone, but the billfold was in his pocket and the checks were still in it.

C. V. Wells gave similar testimony to that of Hause. He testified that he had no money in his billfold and lost none.

The theft of Hause's money was promptly reported to the police.

The state was permitted to prove that the appellant, on March 6, 1963, went to an automobile service shop or Transmission Shop in Austin during the noon hour and, after announcing that she wanted to use the bathroom, grabbed Mr. Grady, the proprietor, and propositioned him and he "pushed her back because she was drunk." She grabbed him again and then walked out. All of this time Mr. Grady was talking on the telephone. He discovered some 15 minutes later that the $125 he had in his billfold was gone.

A truck driver for Travis Materials testified that the appellant went into the Transmission Shop and some 5 or 10 minutes later she came running by his truck, jumped in a black Ford car parked about a block and a half from the shop and "took off. She was throwing gravel and the car was spinning and digging out when she left."

Later the same day the appellant was apprehended near Taylor, Texas, while driving such a car.

The state was also permitted to introduce evidence to the effect that the appellant, on or about December 31, 1962, went to the place of business of an Orthopedic Brace Company where the proprietor, Mr. Hess, was at work at his bench, put her hand on him like she was trying to keep from falling and acting "as if she was trying to solicit a street job," and as though she was drugged or doped. She then left suddenly and the brace maker soon found that his billfold, in which he had $20 or more, was gone. The billfold was later recovered, its contents other than the money was intact.

Appellant was identified by the witnesses as the person who came to each of the shops, propositioned the owner (each of whom was married and living with his wife), put her hand upon them, and left suddenly, her departure being soon followed by the discovery that the men's money had likewise departed.

The evidence regarding the conduct of the appellant and the loss of money from the billfold of Mr. Hess, the brace maker, and from the owner of the Transmission Shop was admitted over the objection that it was "irrelevant and immaterial, highly prejudicial. It is at a time different and subsequent to the date alleged in the indictment of December the 13th."

The evidence was offered and was admitted only for the purpose of showing identity, intent, motive, malice or common plan or scheme. It was so limited in the court's charge and the jury was instructed that such evidence could not be considered for any purpose unless they believed beyond a reasonable doubt that the defendant committed such other offenses.

The intent of the appellant in making physical contact with Mr. Hause was material and was uncertain. Proof that the money was taken as well as the intent of the appellant rested upon the circumstances.

The two collateral offenses show more than a similarity in results. They show a common plan and systematic course of action. The peculiar way in which the other business men lost their money upon the same course of conduct by the appellant was a circumstance that was available to the state to prove the appellant's guilt of theft from the person of Hause. The evi-

**844** 

dence showed system, not merely systematic crime, and the court did not err in admitting it for the limited purposes stated.

"Where the existence of a plan or system of criminal action is in issue, evidence of other or similar offenses committed by the accused, both before and after the commission of the offense with which he is charged, is admissible to show that the offense charged was part of a common plan, scheme, or system. But to render such evidence admissible, there must be more than a certain degree of similarity in results between the crime with which he is charged and the other crimes committed by him. There must indeed be such a concurrence of common features between the several crimes as will show logically that all of them might well have resulted from a common plan or systematic course of action." 23 Tex.Jur.2d, 310, Sec. 201.

 The evidence is sufficient to sustain the conviction and no error appears.

The judgment is affirmed.