James Harvey GRIFFIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 42855.

Court of Criminal Appeals of Texas.

June 2, 1970.

The store was well lighted. A man came in the front door with a pistol in his hand, leaned across the counter and said "this is a stick-up—I mean it, put the money in the bag" (indicating a white paper bag he had in his hand and laid on the counter).

Mr. Mills had a .38 caliber pistol under the cash register and counter. While Mrs. Mills was arguing with the man that he needn't think he was going to get away with it, Mr. Mills picked up his gun, "put it on" the man and said "Now I'm going to kill you." A scuffle ensued and, after breaking the glass in the door with his pistol, the man escaped leaving his hat in the store.

Both Mr. and Mrs. Mills, in testifying before the jury, positively identified appellant, the defendant on trial, as the man in their store with a pistol who attempted to rob them, and also identified the hat.

Appellant did not testify but offered evidence including depositions of out of state witnesses that he was in St. Louis, Missouri, at the time of the attempted robbery in Gregg County, Texas. The issue of alibi raised by the evidence was submitted to the jury in the court's charge.

Appellant's brief sets forth three grounds of error.

■ Ground No. 1 complains that "The trial court erred in allowing continuous reference in testimony before the jury asserting that appellant had been identified in a lineup without first determining that such lineup was without prejudice to the appellant or in violation of his legal rights."

The record does not reflect that the state inquired of any witness about identification of the defendant in a lineup.

The only reference to a lineup during the examination of a witness by counsel for the state was the answer of Mr. Mills to the question regarding the hat which was left in the store: "* * * do you think you'd know that hat if you saw it

Douglas Weitzel, Longview, for appellant.

Ralph Prince, Dist. Atty., Longview, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The appeal is from a conviction for the attempted robbery of J. H. Mills and Mrs. J. H. Mills, a jury having found appellant guilty and the court having assessed the punishment at 5 years in the penitentiary.

The evidence adduced by the state through the testimony of Mr. and Mrs. Mills shows that shortly before closing time (9 P.M.) on October 30, 1968, they were at their place of business, a package store in Gladewater, Gregg County, Texas. Mr. Mills was standing behind the counter with his back to the front door counting the day's receipts. Mrs. Mills was sitting in a rocking chair across the room, some 12 or 15 feet from the front door.

again? A. Yeah, I identified it in the lineup."

All of the other references to a lineup which we find in the record are those elicited by appellant's counsel or made by appellant after the trial.

At no time during the trial did the state attempt to bolster the in-court identification of appellant, and the record reflects no objection to any testimony regarding a lineup identification of appellant, and no objection to the positive in-court identification of appellant as the perpetrator of the attempted robbery.

Martinez v. State, Tex.Cr.App., 437 S.W.2d 842, and cases cited, are authority for overruling ground of error No. 1.

 The second ground of error complains that the court erred in not declaring a mistrial following the unresponsive answer of witness Lewis Holt, called by the state in rebuttal of appellant's defense of alibi.

Having testified that at about 8:05 P.M. on October 28, 1968, in the Liquor Store in Longview, Texas, where he worked, he saw appellant, the witness on cross-examination was asked and answered:

"Q. On this one glance, one look that you got of him on October 28, you today are able to identify him and say that's him?

"A. Yes.

"Q. And you've got lots of customers coming in your store, don't you?

"A. But everyone of them don't pull a gun on you."

The recent opinions of this court in Owens v. State, 450 S.W.2d 324, and Hawkins v. State, 450 S.W.2d 349, and cases cited, hold that testimony concerning other offenses committed in the same vicinity a short while before or after the offense charged is admissible to defeat, discredit or refute the defense of alibi.

Ground of error No. 2 is overruled.

 The remaining ground of error complains that the court erred in allowing the state to use the deposition of Judge Harry J. Stussie for impeachment purposes.

The deposition of Judge Stussie, a magistrate and resident of St. Louis County, Missouri, was taken upon written interrogatories under commission applied for by appellant.

Art. 39.02 Vernon's Ann.C.C.P. authorizes the taking of depositions by the defendant.

Art. 39.13 V.A.C.C.P. provides that nothing contained in the preceding Articles shall be construed as prohibiting the use of any such evidence, for impeachment purposes under the rules of evidence heretofore existing at common law.

The portion of the deposition read was offered by the state "For impeachment purposes only."

The judgment is affirmed.