Charles Everett WINTTERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 60418.

Court of Criminal Appeals of Texas, Panel No. 2.

May 13, 1981.

Rehearing Denied June 10, 1981.

Kenneth R. Barron, Tyler, for appellant.

Richard Davis, Dist. Atty. and Jeffrey B. Keck, Asst. Dist. Atty., Canton, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and TOM G. DAVIS and CLINTON, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for theft of property valued at more than $200.00 but less than $10,000.00. After finding appellant guilty, the jury assessed punishment at six years.

In his first ground of error, appellant contends the court erred in admitting evidence of an extraneous offense. He maintains the evidence was admitted solely to inflame the jury and portray him as a criminal in general. Appellant further urges that the extraneous offense was inadmissible because there were no common distinguishing characteristics as to both the extraneous offense and the offense for which he was on trial.

Charles Coleman testified that he worked for an International Harvester dealership in Canton. On February 26, 1977, Coleman discovered that a sixteen foot trailer was missing from the dealership. The trailer had been parked at the dealership on the previous day. Prior to the theft, the trailer had been yellow in color and had a fair market value of $1,500.00. Coleman related that the trailer was discovered in Lindale on February 27, 1977. At the time the trailer was found, it had been painted black and a manufacturer's name tag was missing.

David Brewer testified that he and appellant stole the trailer in Canton during the early morning hours of February 26, 1977.

Brewer related that he, appellant and Richard Tillery took the trailer to Frank's Straightening Shop in Lindale.

Texas Ranger Stuart Dowell, of the Department of Public Safety, found the stolen trailer on February 26, 1977, at the home of Jimmy Spivey in Lindale. At the time the trailer was found, it was painted black. The paint on the trailer was wet.

Jimmy Spivey was called as a witness by appellant. Spivey related that he was the owner of Frank's Straightening Shop and had painted the trailer for appellant. Spivey testified that the trailer had been in his possession for three or four days before he had a chance to paint it for appellant.

Appellant testified that he lived in Tyler and operated a shop in which he rebuilt wrecked cars. He related that he had purchased a yellow trailer in early February of 1977. He further stated that the trailer he purchased was the same trailer he delivered to Spivey to have painted. Appellant denied commission of the offense. He related that at the time the theft occurred, he was at his father's home.

Mike Donaldson was called as a rebuttal witness by the State. Donaldson related that he owned a Chevrolet dealership in Logans Port, Louisiana. On December 20, 1976, Donaldson discovered that while the dealership had been closed, someone had stolen a 1977 Chevrolet pickup truck with a serial number of CCL147A122682.

William Adams testified that in December of 1976, he and appellant had gone to Louisiana and stolen a pickup truck. The truck was stolen late at night from a dealership which was closed. Adams stated that the truck was brought back to Tyler and taken apart. A number of the parts were sold. Adams stated that appellant placed the engine and transmission from the truck in a 1934 Ford coupe.

Trooper Ralph Byrd, of the Department of Public Safety, testified that a 1934 Ford coupe was found in Spivey's shop. An inspection of the transmission in the Ford revealed that it had the same serial number

as the pickup truck stolen from Donaldson. The serial number on the engine in the Ford had been altered.

It is well established that an accused may not be tried for some collateral crime or for being a criminal generally. *Hines v. State*, Tex.Cr.App., 571 S.W.2d 322; *Cameron v. State*, Tex.Cr.App., 530 S.W.2d 841; *Halliburton v. State*, Tex.Cr. App., 528 S.W.2d 216. One of the exceptions we have recognized to this general prohibition against the use of extraneous offenses, is that such evidence is admissible to refute a defensive theory raised by the accused. *Buckner v. State*, Tex.Cr.App., 571 S.W.2d 519; *Albrecht v. State*, Tex.Cr. App., 486 S.W.2d 97. When the appellant raises the defensive theory of alibi, he places his identity in issue. *Jones v. State*, Tex.Cr.App., 587 S.W.2d 115. Once the issue of identity has been raised, evidence of an extraneous offense is admissible to prove identity only if there is some distinguishing characteristic common to both the extraneous offense and the offense for which the accused is on trial. *Todd v. State*, Tex.Cr. App., 598 S.W.2d 286; *Jones v. State*, supra; *Ransom v. State*, Tex.Cr.App., 503 S.W.2d 810.

In the instant case, appellant raised the defensive theory of alibi when he related that he was at his father's house at the time of the offense. By raising such a defensive theory his identity was placed in issue. It then became permissible for the State to prove identity for the instant offense through evidence of an extraneous offense. However, such evidence would be admissible only if there were distinguishing characteristics common to both the theft of the pickup and the theft of the trailer.

With regard to the common characteristics of both thefts, the evidence reveals: (1) both thefts occurred late at night; (2) both thefts were from vehicle dealerships; (3) both dealerships were closed at the time of the thefts; (4) both thefts were effectuated by appellant with the aid of another party; (5) both thefts took place outside of appellant's hometown of Tyler; (6) both items of stolen property were entrusted to Spivey's care by appellant; (7) both items of stolen property had been altered so as to disguise their original condition.

In view of the common mode of commission of the offenses, we conclude that they had sufficient distinguishing characteristics so as to permit the State to introduce evidence of the extraneous offense after appellant raised the defensive theory of alibi. Appellant's first ground of error is overruled.

In his fourth ground of error, appellant contends the court erred in admitting a photograph into evidence. The photograph depicts the 1934 Ford coupe found in Spivey's shop. Appellant maintains the photograph was inadmissible because it tended to prove an extraneous offense.

As stated above, there was no error in the court admitting evidence of the extraneous theft of the pickup in Louisiana. The engine and transmission from the pickup were placed in appellant's Ford. It was therefore proper for the court to admit the photograph into evidence. Appellant's fourth ground of error is without merit.

In his second ground of error, appellant contends the court unduly restricted his right to cross-examine a witness. He maintains that he should have been permitted to show that the witness "had been convicted in felony theft and received a three year probated sentence."

During cross-examination, appellant questioned Brewer concerning his prior convictions. Out of the presence of the jury, Brewer related that in 1967 he was convicted of felony theft in Taylor County and received a three year probated sentence. The probation was not revoked. Brewer testified that the probation was dismissed after one and one-half years when he joined the Navy.

Art. 38.29, V.A.C.C.P., provides in part: "The fact that a defendant in a criminal case, or a witness in a criminal case, is or

has been, charged by indictment, information or complaint, with the commission of an offense against the criminal laws of this State, of the United States, or any other State shall not be admissible in evidence on the trial of any criminal case for the purpose of impeaching any person as a witness unless on trial under such indictment, information or complaint a final conviction has resulted, or a suspended sentence has been given and has not been set aside, or such person has been placed on probation and the period of probation has not expired...."

By its very terms, the above statute prohibited appellant from impeaching Brewer with the 1967 theft conviction because the period of the probation had expired. See *Thomas v. State*, Tex.Cr.App., 578 S.W.2d 691; *Trippell v. State*, Tex.Cr.App., 535 S.W.2d 178. Appellant's second ground of error is without merit.

■ In his third ground of error, appellant contends the court erred in admitting a police offense report into evidence. He maintains the report was inadmissible because it contained hearsay and a reference to an extraneous offense.

The record reflects that the report in question was written by Ranger Dowell on September 19, 1977. The first mention of the report at trial occurred during appellant's cross-examination of Dowell when he was asked the following questions concerning the report:

"Q. ...

"You made another report September the 19th, 1977, which would be some seven months later; is that correct?

" . . .

"Q. (By Mr. Barron) I'll ask you now if you did indeed make a report dated September 19th?

"A. Yes, sir, I did.

" . . .

"Q. (By Mr. Barron) Now, regarding this report of September of '77, is there any other discussion in this report concerning additional identi-

fication marks of the trailer other than the ones included in the prior report?

"A. Yes, sir.

"Q. What is it, sir?

"A. A broken reinforcement strap on the ramp. Let's see, that's the only one I recall that's different from the other report.

"Q. Why is it different from the other report? Why is this mentioned for the first time seven months later?

" . . .

"Q. Your report of September of '77 also mentions a tongue jack had been replaced?

"A. Yes, sir.

"Q. And that jack stands had been installed on rear of trailer?

"A. Yes, sir."

Art. 38.24, V.A.C.C.P., provides in part: "When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, as when a letter is read, all letters on the same subject between the same parties may be given...."

In *Mabou v. State*, Tex.Cr.App., 429 S.W.2d 891, it was stated that in view of defense counsel's actions in reading portions of an offense report to a witness in the presence of the jury, the court would not have erred in permitting the State to offer into evidence portions of the report on the same subject. In *Bermudez v. State*, 504 S.W.2d 868, the defendant's counsel examined a records clerk concerning the contents of police records maintained by the Dallas Police Department with regard to the defendant's criminal record. At the conclusion of such examination, the State offered the records into evidence. In finding no error in admitting the records, the Court stated:

"We are of the opinion that, under the circumstances presented here, the reports were admissible under the terms of Art.

38.24, V.A.C.C.P. In view of the facts that the appellant first raised the subject of the reports, that he questioned the witness as to their contents, and that by his questions he implied that the arrests were frivolous, we believe that the contents of the reports (which were related to the same subject and merely stated the facts out of which the arrest occurred) were admissible to explain the arrests and make them fully understood. See Art. 38.24, V.A.C.C.P., and *Young v. State*, 488 S.W.2d 92 (Tex.Cr.App.1972) and cases there cited; and compare *Allen v. State*, 493 S.W.2d 515 (Tex.Cr.App. 1973) and *Willeford v. State*, 489 S.W.2d 292 (Tex.Cr.App.1973)." (Footnote omitted). Id. at 872.

See *Trussell v. State*, Tex.Cr.App., 585 S.W.2d 736; *Parr v. State*, Tex.Cr.App., 557 S.W.2d 99.

In the instant case, appellant first raised the subject of Dowell's report and questioned the witness as to specific portions of its contents. Following this action, it was permissible for the State to offer into evidence those portions of the report on the same subject. The record reflects that the court admitted the entire report.

This Court has held that a general objection to an item of evidence, a part of which is admissible, is not sufficient to preserve an alleged error for review. *Alvarez v. State*, Tex.Cr.App., 536 S.W.2d 357; *Hernandez v. State*, Tex.Cr.App., 599 S.W.2d 614. In *Ellard v. State*, Tex.Cr.App., 509 S.W.2d 622, the defendant objected to the admissibility of a pistol and two ammunition clips which were offered into evidence as one exhibit. This Court noted that while the pistol had been properly identified and the clips had not been identified, the defendant's general objection to the entire exhibit was insufficient to preserve the error for review. See *Prine v. State*, Tex.Cr. App., 509 S.W.2d 617. Likewise, in *Burton v. State*, Tex.Cr.App., 471 S.W.2d 817, the defendant complained that the trial court erred in overruling his objection to a fingerprint card which contained inadmissible extraneous information. The Court noted that the fingerprints on the card were admissible and that the defendant made no request to have any data on the card marked, deleted or obliterated prior to its introduction. It was therefore concluded that the objection to the whole exhibit was properly overruled as a portion of the same was clearly admissible.

■ Appellant's objection to the admission of Dowell's report was directed toward the entire exhibit. Appellant had access to the report prior to the time it was offered into evidence and made no request that any portion of the report be deleted or covered which allegedly constitute hearsay or a reference to an extraneous offense. We conclude that since portions of the report were admissible, appellant's objection directed toward the report as a whole was properly overruled. No error is shown.

The judgment is affirmed.

CLINTON, Judge, dissenting.

Identity was not an issue in the trial of this case. Alibi was. The trial court instructed the jury that the extraneous offense in question may be considered "in determining the design, scheme, or system of the defendant... *and for no other purpose.*"[1] The majority, changing the theory on which the case was tried and invoking the mindless cant of some earlier cases would have it that raising the defensive theory of alibi put identity of the accused in issue. Maybe so in some cases, but not in this one.

David Earl Brewer, an admitted thief and convicted felon then on probation at the time of trial, had known appellant intimately for more than three years. Indeed, for some period of time they were in business together.[2] Contemporaneously with commission of the offense alleged, Brewer was a "C.I."—a cooperating individual re-

---

1. All emphasis is mine unless otherwise indicated.

2. When they parted company Brewer conceded "there was no love lost" between them.

porting criminal activity to DPS criminal investigator Ralph Byrd.[3] Byrd, himself, knew appellant, as did Trooper Stuart Dowell. Admitted to the jury was a statement by Jimmy Spivey tending to incriminate appellant; Spivey, who was well acquainted with appellant, named appellant as the person who brought the suspected trailer to his shop to be painted.[4] In short, every material witness, except the owner of the trailer who was never asked, knew appellant on sight. There was never any question of identification. The primary issue was whether Brewer was telling the truth; the subsidiary issue was whether other evidence was corroborative of his story.

In these circumstances identity *per se* was simply not an issue, "and if the state's testimony was to be believed, a perfect case was made against the appellant without resorting to proof of extraneous crimes," *Roark v. State,* 101 Tex.Cr.R. 401, 276 S.W. 242 (1925). *Hafti v. State,* 416 S.W.2d 824 (Tex.Cr.App.1967) restates the matter at 825–826:

> "Exceptions to the rule [against admitting extraneous offenses] are recognized where the extraneous crime... tends to show intent or identity, *when either or both are an issue...*
>
> \*   \*   \*   \*   \*   \*
>
> The rule appears to be consistent that if the testimony of the state leaves no doubt as to... identity of the defendant, proof of an independent crime is not admissible. Also, where there is positive testimony to support the state's case, proof of other independent offenses is not admissible. [Citing authorities]"

The extraneous offense was not admissible, then, on the theory of identity. *Nunn v.*

*State,* 60 Tex.Cr.R. 86, 131 S.W. 320 (1910); cf. *Wyatt v. State,* 55 Tex.Cr.R. 73, 114 S.W. 812 (1908).

Alibi was definitely an issue, but the extraneous offense still was not committed "in the same vicinity a short while before or after the offense charged," *Griffin v. State,* 455 S.W.2d 298, 300 (Tex.Cr.App.1970); *Newman v. State,* 485 S.W.2d 576, 578 (Tex. Cr.App.1972); see *Ford v. State,* 484 S.W.2d 727, 730–731 (Tex.Cr.App.1972).

All of this was surely perceived by the trial court for its limiting instruction permitted consideration by the jury "in determining the design, scheme, or system of the defendant... in the connection with the offense." But, here again, neither the indictment nor the proof put those matters in issue for jury determination. The issue was whether appellant stole the trailer in question at all; whether he took it as part of a design, scheme or system was not. Evidence as to the latter becomes relevant only "where the existence of a plan or system of criminal action is *in issue,*" 23 Tex.Jur.2d 310, § 201, quoted approvingly by the late Presiding Judge Woodley in *Jones v. State,* 376 S.W.2d 842 (Tex.Cr.App.1964) to make the point of distinguishing between "system" and "systematic crime." As the Court pointed out in *Long v. State,* 39 Tex.Cr.R. 537, 47 S.W. 363 (1898), at 364:

> "... Now, we hold that because an offense has been committed by a defendant in the same manner that the offense charged may have been committed does not constitute this separate offense a part of a system. The fact that two distinct crimes may have been committed in the same way does not... constitute a system, as meant by the authorities treating of this subject."

Accordingly, with respect to a theft charge in Harris County, Byrd reported to the prosecutor there that Brewer had "assisted" Byrd in his work. Notwithstanding at least one prior conviction, Brewer was granted probation.

---

3. Byrd testified on crossexamination concerning conversations with Brewer before the offense:

> "Q: No, sir, I asked if [Brewer] was lead to believe in your opinion if he would get assistance from your department to get his business straightened out if he would cooperate with you?
>
> A: Yes, sir."

4. Appellant would later testify that he owned the trailer and left it with Spivey for painting.

And it has cautioned, "That a party may be systematically a thief ... does not necessarily come within the exceptions above mentioned. *To prove system in order to identify a party, or to show intent,* is one thing, but to prove systematic crime ... is a very different proposition," *Smith v. State,* 52 Tex.Cr.R. 80, 105 S.W. 501 (1907) [Emphasis added by the Court while quoting from *Smith* in *Lawrence v. State,* 128 Tex.Cr.R. 416, 82 S.W.2d 647, 655 (1933)].

Here, in my view, testimony surrounding the December 1976 theft of a pickup in Louisiana showed no more than systematic crime, falling far short of proving a design, scheme or system.[5]

Accordingly, I respectfully dissent to overruling ground of error one.

---

**5.** The objection voiced by appellant to admitting the testimony focused on this precise point, asserting that it "certainly does not attempt to show through an extraneous offense a method of operation. It's an attempt to establish guilt in another case, in order to convince the jury that Mr. Wintters is guilty as charged in this case. \* \* \*"