Garner 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-537-CR





KENNETH LEON GARNER,




 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE 



 




FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NO. 40,835, HONORABLE STANTON B. PEMBERTON, JUDGE PRESIDING



 






 Kenneth Leon Garner, appellant, appeals his conviction for aggravated sexual
assault of a child. Tex. Penal Code Ann. § 22.021 (West 1989). After finding appellant guilty,
a jury assessed punishment at ten years' imprisonment. Appellant contends that the district court
erred by: (1) rendering judgment on the jury verdict, because the evidence was legally insufficient
to support it; (2) denying appellant's motion to quash the indictment, because it was "duplicitous";
and (3) admitting appellant's written statement into evidence, because it contained extraneous
offenses. Appellant further contends that he did not receive a fair trial and that the trial court
erred in denying his motion for new trial, because the prosecutor suppressed material evidence. 
Finding these points to be without merit, we will affirm.




FACTUAL AND PROCEDURAL BACKGROUND


 Appellant was the victim's Godfather and had known him since his birth on October
22, 1980. As a close family friend, appellant frequently kept the victim overnight. On October
30, 1991, appellant was indicted for sexually assaulting the victim on or about October 22, 1988,
the victim's eighth birthday. At trial, the victim testified that, during an overnight visit on his
eighth or ninth birthday, appellant sexually assaulted him in appellant's one-bedroom apartment
in Temple. Appellant introduced evidence that he was living in Corsicana on the victim's eighth
and ninth birthdays. On rebuttal, the victim testified that he had been sexually assaulted by
appellant on other occasions in Temple as well, although he could not specify any dates. The jury
found appellant guilty and assessed punishment at ten years' imprisonment.



DISCUSSION


 In his first point of error, appellant claims that the evidence is legally insufficient
to support his conviction for two reasons. First, he claims that because of inconsistencies in the
victim's testimony, contradiction of the victim by other State's witnesses, and "conclusive"
evidence that appellant did not possess a one-bedroom apartment in Temple, Texas, on October
22, 1988, no rational trier of fact could have found him guilty beyond a reasonable doubt. 
Second, he claims that there is no evidence that the victim was not appellant's legal spouse, as
charged in the indictment.

 The critical inquiry on review of the legal sufficiency of the evidence to support
a criminal conviction is whether the record evidence could reasonably support a finding of guilt
beyond a reasonable doubt. This Court does not ask whether it believes that the evidence at trial
established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981).

 The jury is the exclusive judge of the facts proved and of the weight to be given
to the testimony. Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979). As such, the jury can
choose to believe or disbelieve the witnesses, or any portion of their testimony. Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986), cert. denied, 488 U.S. 872 (1988). The jury is
entitled to accept the state's version of the facts and reject appellant's version. Elkins v. State,
822 S.W.2d 780, 783 (Tex. App.Houston [14th Dist.] 1992, pet. ref'd). The state's witnesses
do not have to testify consistently, and all the state's evidence does not have to support its theory
of the case. Id.; see also Smith v. State, 789 S.W.2d 419 (Tex. App.Houston [14th Dist.] 1990,
pet. ref'd).

 Portions of the evidence in the present case may appear to be irreconcilable. The
victim testified that the assault occurred in appellant's one-bedroom apartment in Temple on
October 22, 1988. Appellant presented evidenceapparently undisputedthat he had moved to
Corsicana before that date. A rational trier of fact could, however, have believed the victim's
testimony and disbelieved or disregarded appellant's evidence and found appellant guilty beyond
a reasonable doubt. A rational trier of fact could also have concluded that the assault occurred
in a one-bedroom apartment to which appellant had access and which the young victim mistook
for appellant's prior apartment. Therefore, we conclude there was sufficient evidence that the
offense was committed on or about October 22, 1988, in Temple.

 Even if the jury did not disregard appellant's evidence that he was living in
Corsicana on October 22, 1988, the date alleged in the indictment, there is other evidence
sufficient to support the conviction. The date alleged in the indictment as the date of the assault
does not bind the State. A conviction may rest on evidence that the offense was committed before
the return of the indictment and within the applicable period of limitations. Aylor v. State, 727
S.W.2d 727, 731 (Tex. App.Austin 1987, pet. ref'd). The statute of limitations for aggravated
sexual assault of a child is ten years. Tex. Code Crim. Proc. Ann. arts. 12.01(2)(D), (12.03(d)
(West Supp. 1993). The victim does not have to be able to provide an exact date for the offense. 
Wilson v. State, 730 S.W.2d 438, 443 (Tex. App.Fort Worth 1987, pet. ref'd). On rebuttal, the
victim testified that he was sexually assaulted on other occasions when he spent the night with
appellant in Temple. None of the assaults to which the victim testified were outside the ten-year
period of limitations.

 Appellant claims that the indictment was for one specific sexual assault and that any
other sexual assault of the victim was an extraneous offense. The indictment alleged, however,
that the offense took place "on or about" October 22, 1988. The jury could have disregarded the
victim's testimony as to the date of the offense and found that the sexual assault for which
appellant was indicted occurred on a different date when the victim spent the night with appellant. (1) 
Therefore, a rational trier of fact could have found appellant guilty beyond a reasonable doubt. 
The evidence is sufficient to support appellant's conviction.

 Also under his first point of error, appellant argues that there was no evidence that
the victim was not his spouse. However, the record shows that at trial the victim was eleven
years old and that both the victim and appellant are male. Texas does not recognize same-sex
marriages. See Tex. Fam. Code Ann. § 1.01 and § 1.91 (West 1993). We hold, therefore, that
there was sufficient evidence for the jury to find that the victim was not appellant's spouse. (2) 
Appellant's first point of error is overruled.

 In his second point of error, appellant complains of the trial court's denial of his
motion to quash the indictment. Appellant claims that the indictment is "duplicitous" and did not
give him fair notice of whether he was being indicted for sexual assault or aggravated sexual
assault. In particular, appellant claims that the "not the spouse of" language contained in the
indictment pertains only to sexual assault and not to aggravated sexual assault. However, the
indictment also alleges that the victim was under fourteen years of age, an element of aggravated
sexual assault and not of sexual assault. Thus, appellant claims the indictment did not give him
fair notice of whether he had been charged with sexual assault or aggravated sexual assault. We
disagree.

 The charging part of the indictment appellant complains of provides as follows:


did then and there intentionally and knowingly cause his sexual organ to contact
the anus of [victim] and the said [victim] was then and there a child younger than
14 years of age and not the spouse of the said Kenneth Leon Garner.



 The offense of sexual assault is committed if a person "(2) intentionally or
knowingly: . . . (D) causes the anus of a child to contact the mouth, anus, or sexual organ of
another person, including the actor." Tex. Penal Code Ann. § 22.011(a) (West Supp. 1993)
(emphasis added). The term "child" is defined in Section 22.011(c) as "a person younger than
17 years of age who is not the spouse of the actor." Tex. Penal Code Ann. § 22.011(c) (West
1989) (emphasis added).

 The Texas Penal Code sets out the offense of aggravated sexual assault as follows:



(a) A person commits an offense:


 (1) if the person:


 * * *


 (B) intentionally or knowingly:


 * * *


 (iv) causes the anus of a child to contact the mouth, anus, or sexual
organ of another person, including the actor; and


 (2) if:


 * * *


 (B) the victim is younger than 14 years of age.


(b) In this section, "child" has the meaning assigned that term by Section
22.011(c) of this code.



Tex. Penal Code Ann. § 22.021 (West 1989) (emphasis added).

 It is clear from the sections quoted above that both sexual assault and aggravated 
sexual assault require that the victim be a "child." To be a child, the victim must be younger than
seventeen and cannot be the spouse of the actor. The offense is aggravated sexual assault only
if the victim is younger than fourteen years of age. In the present case, therefore, the language
in the indictment alleging that the victim was not the spouse of appellant tracked the statutory
definition of "child," which is a requirement for both aggravated sexual assault and sexual assault. 
The language in the indictment that the child was younger than fourteen years of age, however,
gave appellant notice that he had been indicted for aggravated sexual assault. Appellant's second
point of error is overruled.

 In his third point of error, appellant claims that the trial court abused its discretion
in admitting into evidence appellant's written statement which described an extraneous offense. 
Appellant gave the written statement to a Temple police officer after being questioned about the
aggravated sexual assault complaint. In the statement, appellant describes his close relationship
with the victim. He relates that in 1988 he lived in a one-bedroom apartment in Temple and often
had the victim over to spend the night with him. He then describes "teaching" the victim to
masturbate during one of these overnight visits. Finally, he disclaims touching the victim, or any
other child, in a sexual way.

 Before the statement was offered into evidence, appellant objected outside the
presence of the jury that the statement was an extraneous offense and was not admissible. 
Appellant further objected that the probative value of the statement was greatly outweighed by the
danger of unfair prejudice. These objections were lodged against the entire statement, not merely
the sentences where appellant describes teaching the victim to masturbate. This is typified by
appellant's argument when addressing the timing of the objection:



[Defense Counsel]: "Your honor, if he is getting to talk about whether a
statement was taken, I mean, what's next? I don't even
want the point that the statement was taken before the jury."



At no time did appellant direct his objection to any particular portion of the statement. Appellant
did not request that the court delete any portion of the statement offered, although the court had
already deleted another portion of the statement that referred to a polygraph examination. When
a facsimile of the statement, with the polygraph reference deleted, was offered into evidence,
appellant's objections became even broader:



[Defense Counsel]: I have objection to it, your honor, in its entirety. The
Xerox form, the original form, plus deletions, minus
deletions, I have objection, running objection. I would not
go on record saying anything but that.



 When an exhibit contains both admissible and inadmissible material, the objection
must specifically refer to the material deemed objectionable. Brown v. State, 692 S.W.2d 497,
501 (Tex. Crim. App. 1985); Wintters v. State, 616 S.W.2d 197, 202 (Tex. Crim. App. 1981). 
Where the objection is not specific, error is not preserved for review. Brown, 692 S.W.2d at 501;
Wintters, 616 S.W.2d at 202. The trial judge has no duty to ferret out objectionable portions of
a statement, unless and until trial counsel puts him on notice of what is being objected to. Taylor
v. State, 498 S.W.2d 346, 349 (Tex. Crim. App. 1973).

 Appellant objected to the entire written statement as evidence of an extraneous
offense. At no time did appellant point out any particular portion of the statement as the basis for
his objection. Instead, appellant vehemently objected to everything about the statement. Clearly,
some portions of the statement, such as appellant's description of his relationship with the victim
and his admission of living in a one-bedroom apartment in Temple in 1988, were not evidence of
an extraneous offense and were admissible. Therefore, appellant preserved no error for review. 
Appellant's third point of error is overruled.

 In his last two points of error, appellant complains that the prosecutor actively
suppressed evidence that was material to his defense. In point of error four, appellant complains
that the prosecutor's actions in suppressing evidence denied him a fair and impartial trial. In point
of error five, appellant complains that the trial court erred in overruling his motion for new trial
based on the prosecutor's actions.

 At the close of the State's case-in-chief, appellant filed a motion requesting the
psychiatric history of all the State's witnesses and generally seeking exculpatory information. The
State responded to this motion by denying that it had any such evidence. In closing arguments
during the punishment phase of the trial, appellant argued that the jury should give him probation
and require him to pay for counseling for the victim. Appellant implied that this would be the
only way the victim would receive counseling. In rebuttal, the State argued,



I was really amazed that [appellant's counsel] said this was a broken man, because
I ask you to recall and remember [the victim], and the fact that he has to go
through the rest of his life, which is a lot longer than [appellant's] at this point,
carrying the weight of this act on him, and yes, he is getting counseling. That's
not for you to worry about. You don't have to worry that if you send [appellant]
to jail, [the victim] is not going to get counseling.


I don't think it's incumbent upon the State to spread out every aspect of that little
boy's life to you. His counseling is private, it's with his counselor, and there is
no reason why we need to go into it and pick it apart here in Court.



Appellant made no objection to this argument. Instead, while the jury was deliberating, appellant
prepared a bill of exceptions in which he questioned the prosecutor concerning her knowledge that
the victim was receiving counseling. The prosecutor testified that her only knowledge was that
the victim's mother had recently told her that the victim was going to get counseling in the future. 
She had no knowledge that he had in fact received counseling. Appellant questioned no other
witnesses in his bill of exception and relies solely on this bill of exception for his fourth and fifth
points of error.

 In order to conclude that the prosecutor suppressed exculpatory evidence, we must
first determine that such evidence existed. See Isaacs v. State, 770 S.W.2d 76, 80 (Tex. App.El
Paso 1989, pet. ref'd). Appellant offers no evidence that the victim had actually received any
counseling. The prosecutor expressly denied any knowledge that the victim had received
counseling. Therefore, we conclude that appellant has not shown there was any evidence that was
in fact suppressed. Appellant's fourth and fifth points of error are overruled.



CONCLUSION


 The judgment of conviction is affirmed.



 J. Woodfin Jones, Justice

Before Justices Aboussie, Jones and B. A. Smith

Affirmed

Filed: October 20, 1993

Do Not Publish
1.   The victim admitted that he was unsure of the date of the assault, but thought it was
on his eighth or ninth birthday.
2.   See also Murphy v. State, 653 S.W.2d 567 (Tex. App.San Antonio 1983, pet. ref'd). 
In that case, a male was convicted of the aggravated sexual abuse of another male. The jury
charge did not require the jury to find that the victim was not the spouse of the defendant. 
The court held that this was not reversible error because, as a matter of law, two males may
not be married. Id. at 569-70.