NUMBER 13-99-016-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


RUBEN RODRIGUEZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 214th District Court of Nueces County,

Texas.

____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Hinojosa



 A jury found appellant, Ruben Rodriguez, guilty of burglary of a
habitation. His punishment was assessed at twelve years confinement
and a $1,000 fine. By four points of error, appellant contends: (1) the
trial court misdirected the jury as to the law at the guilt/innocence
phase of the trial, (2) the trial court failed to read the charge as finally
written, (3) the trial court erred in admitting State's Exhibit Three, and
(4) the prosecutor's improper plea for law enforcement was not cured
by the judge's instruction to the jury to disregard the statement. We
affirm.

A. Background


 George Alvarez allegedly asked appellant to drive him to Alvarez's
girlfriend's house to retrieve his wallet. Appellant and Alvarez went to
a house which was owned by Richard Rundle, who lived in the house
by himself, and began pounding on the front door about 12:30 a.m. 
Rundle was at home and asleep when appellant and Alvarez began
pounding on his front door. They then left the front porch and went
around to the back of the house. When they reached the back patio,
one tested the back door and the other unscrewed the bulbs from the
lights on the patio. Rundle then called 911. When Officer Phillip
Wagner arrived, Rundle opened his front door and told Wagner that he
last saw the individuals on the back patio. When Wagner went to the
back of the house, appellant was located in or just outside the garage. 
Appellant took off running when Wagner identified himself as a
policeman. Appellant was apprehended a few minutes later.

B. Jury Charge


 In his first and second points of error, appellant complains that
when the trial judge failed to read the charge to the jury as finally
written, he improperly instructed the jury that it could find him guilty
even if it had a reasonable doubt that appellant was guilty of the
offense. Appellant contends the trial court committed reversible error
because the harm was egregious and denied him a fair and impartial
trial.

 When he orally read the entire charge, the judge read one portion
of the charge concerning reasonable doubt as follows:

if you have a reasonable doubt as to whether he is guilty of
either such circumstances you will find him guilty of
burglary of a habitation with the intent to commit theft.


The charge, as written, states:

if you have a reasonable doubt as to whether he is guilty of
either such circumstances you will find him not guilty of
burglary of a habitation with the intent to commit theft.

 When we review a jury charge for error, our first inquiry is
whether the alleged error was preserved. If so, any harm, regardless of
the degree, is sufficient to require reversal of the conviction. Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on state's
motion for rehearing). On the other hand, if no proper objection was
made at trial, the accused must claim and show that the error was
"fundamental" in order to obtain a reversal. Id. A reversal will be
granted only if the error is so egregious and created such harm that he
"has not had a fair and impartial trial" -- in short, "egregious harm." Id.
 Here, appellant did not object to the charge and thus failed to preserve
error. In order to gain reversal, he must show that the error caused him
egregious harm. Abdnor v. State, 871 S.W.2d 726, 732 (Tex. Crim.
App. 1994). Egregious harm consists of errors affecting the very basis
of the case or that deprive the defendant of a valuable right, vitally affect
a defensive theory, or make the case for conviction or punishment
clearly and significantly more persuasive. Saunders v. State, 817
S.W.2d 688, 692 (Tex. Crim. App. 1991). We determine harm in light
of the entire jury charge, the state of the evidence, including contested
issues and the weight of the probative evidence; the argument of
counsel; and any other relevant information revealed by the record as
a whole. Mann v. State, 964 S.W.2d 639, 641 (Tex. Crim. App. 1998).

 The question, then, is whether omitting the word "not" in the
judge's oral reading of the jury charge caused egregious harm. The
paragraph orally read, taken by itself, inaccurately set forth the State's
burden of proof as being less than beyond a reasonable doubt. The jury
was properly instructed as to reasonable doubt throughout the jury
charge and was also properly instructed as to the burden of proof,
except in the cited paragraph. Because (1) the word "not" was only
omitted when the judge read the charge, and not in the written form;
(2) the remainder of the charge concerning the application of reasonable
doubt was read correctly; and (3) the jury was able to take the written
charge with them to the jury room, the omission of the word "not"
clearly did not cause egregious harm to appellant. See Id. at 642 ("We
are not persuaded that appellant's due process rights under the Fifth
Amendment and his right to trial by jury under the Sixth Amendment
are implicated by a jury charge that correctly instructs the jury as to the
State's burden of proof throughout save one small portion thereof and
also correctly defines the term 'reasonable doubt' throughout."). 
Furthermore, if the jury was confused by the conflicting applications of
reasonable doubt from listening to the judge, it had the written version
of the charge which correctly set forth the proper course if it had a
reasonable doubt. Therefore, appellant was not egregiously harmed by
the trial judge's mistake in his oral rendition of the charge. Appellant's
first and second points of error are overruled.

C. Admission of Evidence


 In his third point of error, appellant complains the trial court erred
in admitting State's Exhibit No. 3. Appellant contends the exhibit was
not admissible under the rule of optional completeness, and he asserts
the evidence was hearsay.

 At trial, during the State's direct examination of Officer Phillip
Wagner, the officer who discovered and arrested appellant at the scene
of the crime, Wagner stated that when he arrived at the scene and
walked "to the back of the house, to the corner, [he] could see
[appellant] standing just inside the garage." During cross-examination,
appellant introduced Wagner's Field Arrest Sheet into evidence as
Defense Exhibit No. 1. The arrest sheet stated that Wagner "observed
[appellant] standing outside open attached garage." Appellant's
counsel then questioned Wagner about the arrest sheet not matching
his testimony concerning the location of appellant inside or outside the
garage. Wagner responded that "the arrest sheet says I observed them
outside, and the -- what I call 58, which is the original field report,
states inside." On redirect, the State offered State's Exhibit No. 1, the
Field Report, into evidence under the Rule of Optional Completeness.(1) 
Appellant objected stating:

Your Honor, that's not part of the same document, so the
Rule of Optional Completeness does not apply. The officer
has already separated them in space and time; furthermore,
the document itself is hearsay and has hearsay within
hearsay. And it's being offered to bolster the witness's
testimony on direct and that's improper and we object to it.


The court admitted the report. Later in the trial, before closing
arguments, the State moved to withdraw State's Exhibit No. 3. The
exhibit had not been published to the jury, and the jury had not seen or
read its contents.

 In his brief, appellant contends State's Exhibit No. 3 is not
admissible under evidence rule 107 because "mere use of an offense
report for purposes of cross-examination does not invoke Rule 107
where the party against whom the report is used does not introduce
any portion of the report and, other than refreshing the witness's
memory on particular points, it is not read to the jury." This complaint
is different from the objection appellant made at trial. At trial, appellant
objected that since the offense report and the arrest report were not
part of the same document, the rule of optional completeness did not
apply. When the objection at trial is different from the complaint raised
on appeal, nothing is preserved for our review. Martinez v. State, 867
S.W.2d 30, 40 (Tex. Crim. App. 1993). Therefore, we will not consider
appellant's complaint that State's Exhibit No. 3 was inadmissible under
rule 107.

 However, we find that appellant did preserve error on his hearsay
objection. Appellant contends the admission of the offense report was
prejudicial to him and may have contributed to his conviction. We
agree with appellant that Wagner's offense report does constitute
hearsay. Police offense reports are hearsay and specifically inadmissible
under Texas Rule of Evidence 803(8)(B). Likewise they are also
inadmissible as a business record under rule 803(6). See Gaitan v.
State, 905 S.W.2d 703, 708 (Tex. App.--Houston [14th Dist.] 1995, pet.
ref'd) (citing Cole v. State, 839 S.W.2d 798, 810-11 (Tex. Crim. App.
1990)); Perry v. State, 957 S.W.2d 894, 898-99 (Tex. App.--Texarkana
1997, pet. ref'd) (The limitation on police reports is based on the
presumption that observations by an officer at a scene of a crime are
not as reliable as observations by other public officials. This is due to
the adversarial nature of the confrontation between the defendant and
the police in the criminal context.).

 Nevertheless, the report was admitted in connection with the
rule of optional completeness. In order to determine if the admission
was proper, we must determine whether the rule of optional
completeness applied to the offense report. After reading evidence rule
107, it is clear the offense report was properly admitted since the rule
states "any other act, declaration, writing or recorded statement which
is necessary to make it fully understood or to explain the same may also
be given in evidence." See Tex. R. Evid. 107. The further clarification in
the rule of "as when a letter is read, all letters on the same subject
between the same parties may be given," supports the admission of the
offense report. Officer Wagner explained: "the arrest sheet is what
you're going to list down your suspect information, who you're
arresting, and a brief narrative as to your probable cause, why they're
being arrested. . . . the arrest sheet is done at the scene," and the
offense report is done back at the station and "you sit down and you
put everything into chronological order. The arrest sheet, you're just
trying to list down a [probable cause], which is a much quicker report."

 The controversial difference between the two reports in this case
is that in the arrest report the officer said appellant was found outside
the garage, and in the offense report he is found inside the garage. The
admission of the offense report allowed the State to fulfill the purpose
of rule 107 which is to permit an opponent to correct any misleading
impressions left with the jury through the introduction of only a portion
of the evidence. We conclude the contents of both reports, which were
related to the same subject and merely stated the facts out of which the
arrest occurred, were admissible to explain the arrest and make it fully
understood. See Wintters v. State, 616 S.W.2d 197, 202 (Tex. Crim.
App. 1981). 

 When the report was admitted under the rule of optional
completeness, the hearsay contained within, although otherwise
inadmissible, was permitted to be introduced. See Kipp v. State, 876
S.W.2d 330, 340 (Tex. Crim. App. 1994) (under certain circumstances
hearsay testimony can be viewed as being invited; for instance, if part
of hearsay statement is testified to, remainder of statement may be
admissible under rule of optional completeness); Wintters, 616 S.W.2d
at 202 (State was allowed to offer into evidence those portions of an
offense report on the same subject when the appellant first raised the
subject of the report and questioned the witness as to specific portions
of its contents); Credille v. State, 925 S.W.2d 112, 116-19 (Tex.
App.--Houston [14th Dist.] 1996, pet. ref'd) (rule of optional
completeness is one of admissibility and permits introduction of
otherwise inadmissible evidence when that evidence is necessary to
fully and fairly explain matter "opened up" by adverse party.). 
Accordingly, we overrule appellant's third point of error.

D. Improper Jury Argument


 In his fourth point of error, appellant complains the trial court's
instruction to disregard the prosecutor's improper plea for law
enforcement during closing argument was ineffective in curing the
error. Appellant contends the prosecutor's arguments placed before the
jury a harmful fact not in evidence -- the public's desire for a conviction.

 During closing argument, the prosecutor stated:

Now, your spouses and your coworkers and your friends
probably know that you've been serving on a jury this week,
and what are you gonna tell them when you -- when you've
made your verdict and when you've decided? Are you
gonna tell them. . . that you believed two convicted felons,
rather than police officers, Rick Rundle, a long-time resident,
employed long-time in Corpus Christi, homeowner-- 


At this point, appellant's counsel objected and stated:

Judge, I need to object to this line of argument. That's an
improper plea for law enforcement. They should be able to
tell their friends that they believed the evidence. That's an
improper attempt -- .


The judge sustained the objection and instructed the jury to disregard
the statement.

 It is well settled that even if a prosecutor's jury argument is
improper, an instruction by the trial judge to the jury to disregard the
improper argument is usually sufficient to cure the error. Melton v.
State, 713 S.W.2d 107 (Tex. Crim. App. 1986); Logan v. State, 698
S.W.2d 680 (Tex. Crim. App. 1985). Reversible error occurs only when
a statement to a jury is so inflammatory that its prejudicial effect cannot
reasonably be removed by such admonition. McKay v. State, 707
S.W.2d 23 (Tex. Crim. App. 1985); Blansett v. State, 556 S.W.2d 322
(Tex. Crim. App. 1977). 

 In the instant case, appellant has not preserved his complaint for
our review. Appellant objected to the prosecutor's argument, and the
trial court sustained the objection and gave an instruction to disregard. 
Since appellant failed to ask for any further relief, such as a mistrial,
after the objection was sustained, no error was preserved. See
Sawyers v. State, 724 S.W.2d 24, 38 (Tex. Crim. App. 1986), overruled
on other grounds, Watson v. State, 762 S.W.2d 591, 599 (Tex. Crim.
App. 1988); Parr v. State, 606 S.W.2d 928, 930 (Tex. Crim. App. 1980). 
Objection must be made and an adverse ruling obtained even when the
objectionable argument is so prejudicial that an instruction to disregard
will not cure the argument. See Cockrell v. State, 933 S.W.2d 73, 89
(Tex. Crim. App. 1996). A defendant's failure to pursue to an adverse
ruling his objection to a jury argument forfeits his right to complain
about the argument on appeal. Id. Here, appellant needed to take the
further step of moving for a mistrial. He did not, and he did not obtain
an adverse ruling.(2) Because he did not preserve error for our review,
we overrule appellant's fourth point of error.

 The judgment of the trial court is affirmed. 




 FEDERICO G. HINOJOSA

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 17th day of August, 2000.


1. Rule 107. Rule of Optional Completeness


When part of an act, declaration, conversation, writing or recorded
statement is given in evidence by one party, the whole on the same
subject may be inquired into by the other, and any other act, declaration,
writing or recorded statement which is necessary to make it fully
understood or to explain the same may also be given in evidence, as
when a letter is read, all letters on the same subject between the same
parties may be given. "Writing or recorded statement" includes
depositions.


Tex. R. Evid. 107.
2. The proper method of pursuing an objection until an adverse ruling is to: (1)
object; (2) request an instruction to disregard; and (3) move for a mistrial. Koller v.
State, 518 S.W.2d 373 (Tex. Crim. App. 1975); Brooks v. State, 642 S.W.2d 791 (Tex.
Crim. App. 1982).